(136 So. 726)

## HOLLEY v. FLORALA TELEPHONE CO. et al.

### 4 Div. 554.

Supreme Court of Alabama.

June 18, 1931.

Rehearing Denied Oct. 15, 1931.

E. O. Baldwin, of Andalusia, and Frank J. Mizell, Jr., of Florala, for appellant.

Marcus J. Fletcher, of Andalusia, for appellees.

BROWN, J.

The appellant sued the appellees for breach of contract, the complaint in its several counts averring that: "On to-wit, the 15th day of October, 1929, the defendants, who did on said date own and operate a telephone exchange and all business properly pertaining thereto, in Florala, Alabama, entered into the

following contract with plaintiff, which said contract was oral: That defendants would install a telephone in plaintiff's home, a distance of, to-wit, 8 miles from Florala and connect said telephone with defendants' exchange and/or central office at Florala, Alabama; that in the connection and installation of said telephone, defendants were to bear all the expense of building or erecting a telephone line to a point east of Florala on the Florala and Samson road, where the road forks, the right hand of which leads by Zorn's Mill, a distance of, to-wit, 4 miles from Florala and said defendants were to bear the expense of and erect poles, if necessary, on said Samson and Florala road for a distance of, to-wit, 2 miles from the aforesaid fork in said road, and plaintiff was to bear the expense of and erect poles the remaining distance to his home; that defendants were to furnish the wire to build said line from the said point on the said Florala and Samson road where the road forks, the right hand fork going by Zorn's Mill, and plaintiff was to pay defendants the wholesale price for all wire necessary to the installation of said telephone from the aforesaid fork in said Florala-Samson road to his home, a distance of approximately 4 miles, which said price was to be paid for in twelve equal monthly installments and plaintiff was to pay a rental of $2.50 per month for the telephone to be installed in his home. It was further agreed by and between plaintiff and defendants that said line was to be completed not later than November 15th, 1929;" that the plaintiff complied with the terms of the contract on his part, by cutting and erecting the poles which he was to cut and erect, but defendants have failed and refused to carry out their part of the contract, and continue to refuse to do so, to plaintiff's damage.

The defendants demurred to the several counts of the complaint as last amended, on the grounds that the telephone company was a public utility and as such it was under the jurisdiction of the Public Service Commission; that the contract affected the rate or rates and expenditures and extensions of the property of said public utility, and it was not averred that the extension contracted for had been authorized, ratified, or approved by said commission; that the damages claimed were speculative and not recoverable.

The judgment of the court is: "It is therefore ordered and adjudged by the court that the demurrers to the complaint, and to each count thereof, as last amended, be and are hereby sustained. On account of the adverse ruling of the court in sustaining the defendants' demurrers to the complaint and to each count thereof, as last amended, the plaintiff suffers a nonsuit," etc.

The first assignment of error is: "The Court committed error in sustaining appellees' demurrers to the complaint as last amended, and as shown by the judgment in this cause. (Trans. pp. 12 and 13)."

If any one of the counts was subject to the objection pointed out in the demurrer, under the uniform rulings, this assignment is not sufficiently specific, but, if all the counts are good as against the demurrer, the assignment is sufficient. Roach v. Wright, 195 Ala. 333, 70 So. 271.

The judgment here is that the demurrers were not well taken to any of said counts.

The principle is well settled that, if a contract is not void as being against public policy or declared void by statute, a party may not plead his dereliction in failing to comply with some regulatory rule authorizing him to enter into such contract, as against a party who is not involved in the guilt of the transaction. Brooklyn Life Ins. Co. v. Bledsoe, 52 Ala. 538; Citizens' Nat. Bank v. Buckheit, 14 Ala. App. 511, 71 So. 82.

Therefore, conceding that sections 9763, 9764 of the Code are applicable to the contract pleaded, and it was subject to ratification and confirmation by the Public Service Commission, the duty of seeking such confirmation rested on the defendants, and their failure to apply to the commission is not available as a defense for their breach of the contract.

It is also well settled that, where a complaint states a cause of action for nominal damages, it is not demurrable because it claims nonrecoverable damages. Western Union Tel. Co. v. Hughston, 191 Ala. 424, 67 So. 670; Terrell v. Nelson et al., 177 Ala. 596, 58 So. 989.

The court, therefore, erred in sustaining the demurrer to the complaint, and the several counts thereof, and for this error the judgment of nonsuit will be set aside and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.