30 So.2d 905

GREEN v. GREEN.

6 Div. 520.

Supreme Court of Alabama.

May 1, 1947.

E. G. Pilcher, of Gadsden, R. G. Kelton, of Oneonta, and Orme & Porter, of Gadsden, for appellant.

P. A. Nash and L. P. Waid, Jr., both of Oneonta, for appellee.

LAWSON, Justice.

The original bill, filed by the wife against the husband, sought a divorce on the ground of cruelty, prayed that the custody of the three minor children, who were in the com- plainant's custody at the filing of the bill and until rendition of decree, be committed to her. The original bill also prayed for alimony, support and maintenance for the minors, and attorney's fee.

The husband answered, denying the alleged cruelty and made his answer a cross-bill and prayed for the custody of the minor children.

Upon submission, the trial court made and entered a decree wherein the relief sought by the original bill was denied and the bill dismissed. The cross-complainant (husband) obtained partial relief under his cross-bill in that the custody of the two minor boys was awarded to him until they reach the age of eighteen years or until the further orders of the court. The decree provided that the custody of the minor daughter remain with her mother, the original complainant. Right of visitation at reasonable times and places was provided for both parties.

This appeal is prosecuted by the wife, the complainant in the original bill, and errors are assigned predicated on the denial of the relief prayed for by her in her original bill, the dismissal of her bill and the granting of partial relief to the husband under his cross-bill.

■ The evidence was not taken orally before the court, but appears to have been taken before the register, and none of the witnesses were seen or heard by the trial court. The review here, therefore, as to the conclusions of the trial court on the facts is, in effect, under our statute, practically de novo. § 17, Title 13, Code of 1940; Armstrong v. Armstrong, 217 Ala. 581, 117 So. 195; Cavin v. Cavin et al., 237 Ala. 185, 185 So. 741. A finding of fact in such a case is not supported by the presumption of verity that obtains when testimony is taken ore tenus before the trial judge. Cavin v. Cavin, supra.

■ It would serve no good purpose to set out the evidence. It is not necessary that we do so. Wheeler v. Wheeler, Ala. Sup., 29 So.2d 881;[1] James v. James, 242 Ala. 140, 5 So.2d 616; Davis v. Davis, 241 Ala. 385, 2 So.2d 780. Suffice it to say that after due and careful consideration of the

---

[1] Ante, p. 119.

evidence, we are constrained to hold that the evidence adduced by the complainant (appellant) as well as that of the respondent (appellee) shows that on more than one occasion the respondent has committed actual violence on the person of his wife, the original complainant, and we think it sufficient to show that such acts were attended with danger to her life or health as charged by the wife in her original bill.

The controlling consideration in dealing with the custody of minor children in cases of this nature is the welfare of the children. Blankenship v. Blankenship, Ala. Sup. 28 So.2d 409,[2] and cases there cited. There is no exact formula or rule which can be used in every case to determine what is for the best interest of a child. Each case must stand on its own peculiar facts. Snead v. Snead, 248 Ala. 88, 26 So.2d 561.

As before indicated, the trial court awarded the custody of "N. C.," eleven years of age, and of "B. J.," seven years of age, to their father, the respondent, cross-complainant. If the legal custody of these two young boys is to be in their father, the record discloses that their actual custody will be in their paternal grandfather and step-grandmother. They are seventy-three and sixty-eight years of age, respectively. This elderly couple live on a 160-acre farm in which the grandfather has a life estate.

The mother (appellant) at the time the testimony was taken in this case was maintaining the same home where the family had lived for twelve years. While it appears that her health is not too good, we feel that she is in a better position to administer to the needs of these young boys than the elderly couple who would have their actual custody if their father is awarded legal custody.

We are, therefore, at the conclusion that the welfare of the boys requires that the mother be given their custody.

The decree of the circuit court, in so far as it awarded the custody of Lois Green to her mother, is affirmed. That part of the decree dismissing complainant's bill and denying her a divorce from respondent is reversed and a decree here entered dissolving the marriage bonds between the appellant, Nettie Green, and the appellee, H. C. Green, and she is forever divorced from the said H. C. Green on account of actual violence committed on her person attended with danger to her life or health, and she is permitted to again contract marriage, and alimony, support and maintenance for the minors and attorney's fee are awarded her in such amount as the trial court shall hereafter determine.

The decree, in so far as it awarded the custody of the two minor boys to H. C. Green, appellee, as prayed for in his cross-bill, and denied such relief to Nettie Green under her original bill, is reversed and a decree here entered awarding the custody of N. C. Green and B. J. Green to the appellant, their mother, Nettie Green. The said H. C. Green is ordered to deliver the said minors unto the custody of the said Nettie Green.

The cause is remanded to the circuit court for the determination and ascertainment of the amount of alimony, support and maintenance of the minors, and attorney's fee as were prayed for by Nettie Green in her original bill. Such matters cannot be here disposed of on the record presented to us. The cause is also remanded to the circuit court for such further orders as it deems proper and the issuance of necessary process to carry the decree into effect.

Let the appellee pay the costs of the appeal and the costs of the suit.

Affirmed in part, reversed and rendered in part, and in part reversed and remanded.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.

---

[2] 248 Ala. 489.