39 So.2d 409

**ALABAMA PUBLIC SERVICE COMMISSION et al. v. NUNIS.**

**6 Div. 812.**

Supreme Court of Alabama.
March 17, 1949.

A. A. Carmichael, Atty. Gen., MacDonald Gallion, Asst. Atty. Gen., and Maurice F. Bishop, of Birmingham, for appellants.

D. H. Markstein, Jr., of Birmingham, for appellee.

FOSTER, Justice.

This is an appeal from a decree of the Circuit Court of Jefferson County, in Equity, rendered on an appeal to that court from an order of the Alabama Public Service Commission denying the petition of appellee for a permit to operate as a contract carrier of petroleum in bulk products, between all points in Alabama under the Alabama Motor Carrier Act, approved July 5, 1940, General Acts 1939, page 1064, sections 301(1) to 301(51), Title 48, Pocket Part of Code 1940.

An amendment of the petition specified the routes as between Mobile, Tuscaloosa, Birmingham, Duncan (West End), and Lynn Park (Powderly) on the one hand, and all places in Alabama north of U. S. Highway No. 80 as the destination.

There was a hearing before the commission on evidence taken before an examiner. The commission made an order containing the following finding:

"Upon consideration of all the evidence in this case this commission is of the opinion and finds that there are sufficient existing carriers qualified with this commission to transport the petroleum products as outlined in the above styled application and that the issuance of another permit would not be consistent with the public interest, and that said application should be denied." It was so ordered.

The circuit court, in equity, by decree set aside the order of the commission and remanded the cause to it with direction to issue a permit to this appellee to transport petroleum products in bulk as a contract carrier over irregular routes between Duncan, Alabama (which is the end of a pipeline in West End, Birmingham, where it is stored for reshipment), on the one hand, and Huntsville Arsenal and Redstone Arsenal on the other hand. From that decree, the Alabama Public Service Commission has prosecuted this appeal, and intervener has joined in the assignments of error.

Appellee has not cross-assigned errors, and is making no contention that he should have a certificate authorizing him to do business as a contract carrier other than as provided in the judgment and decree of the circuit court. That status makes unimportant much evidence in the case.

The proceedings on appeal in the circuit court, in equity, are controlled by section 82, Title 48, Code. It provides that the commission's order shall be taken as prima facie just and reasonable, and that no new or additional evidence may be introduced, with an exception not here pertinent, and the court shall hear the case upon the certified record, and shall set aside the order if the court finds that the commission

erred in its application of the law, or its order was procured by fraud, or "was based upon a finding of facts contrary to the substantial weight of the evidence."

We held in North Alabama Motor Express v. Rookis, 244 Ala. 137, 12 So.2d 183, 185, that the last quoted provision of that statute means that the "finding of the Commission will not be overturned if supported by legal evidence of substantial weight and probative force." It is also said in that case that there must be evidence which is competent and legal as treated by the usual rules for producing evidence in a legal proceeding. It cannot be founded on hearsay or other improper evidence. That does not mean that a letter which evidences a contract is not legal evidence as being hearsay.

So that the question here is limited to two issues: (1) Did the commission err in its application of the law to the substantial prejudice of the appellee? (2) Is the finding of the commission supported by legal evidence of substantial weight and probative force?

Section 301(11), Title 48, Pocket Part, Code 1940, section 11 of the Act of July 5, 1940, supra, contains a specification of the standards which must control the commission in determining whether appellee should be granted the certificate which the circuit court has ordered.

Appellee, who was the applicant for a permit, insists that the finding was not a sufficient compliance with the duty of the commission in that respect, and that the matters so found do not justify the order which was made denying the permit to the extent ordered by the circuit court.

Appellee cites United States v. Carolina Freight Carriers Corp., 315 U.S. 475, 62 S.Ct. 722, 86 L.Ed. 971, as holding that when Congress sets up certain standards by which the commission is controlled, it is mandatory on the commission to find the facts within those standards to justify it in granting the right claimed. See United States v. Felin, 334 U.S. 624, 68 S.Ct. 1238. Appellee cites Railroad Comm. of Alabama v. Ala. Gr. So. R. R., 185 Ala. 354, 64 So.

13 L.R.A.1915D, 98, as holding that when a commission bound by certain standards, acts in a way not justified, except upon the existence of a certain status, the order acts as such a finding without being expressed.

On appeal to this Court, we must review the judgment of the circuit court without any presumption of its correctness, since that court was in no better position to review the order of the commission than we are. Title 13, section 17, par. 1, Code 1940. The evidence was not taken before the trial judge in the circuit court. Green v. Green, 249 Ala. 150, 30 So.2d 905. We are governed by the same rules in our review as was the circuit court. So that we will review the order of the commission as though the appeal from the commission's order had been directly and primarily to this Court. Those standards are (1) that the applicant is fit, willing and able to properly perform the service of a contract carrier by motor vehicle and to conform to the provisions of this article and the lawful requirements, rules and regulations of the commission thereunder; and (2) that the proposed operation to the extent authorized by the permit will be consistent with the public interest. Otherwise such application shall be denied.

The commission made no finding as to the first matter stated above, but did find that there were sufficient existing carriers qualified with the commission to perform the service, and that the issuance of another permit would not be consistent with the public interest.

There are certain administrative proceedings in which the law does not, in express terms, require a finding expressly so made. Wichita, R. & Lt. Co. v. Public Utilities Comm., 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124; Mahler v. Eby, 264 U.S. 32, 44 S.Ct. 283, 68 L.Ed. 549.

But if the statute does not require a finding by the commission either in terms or effect, an express finding has been said not to be necessary. Pacific States Box & Basket Co. v. White, 296 U.S. 176, 56 S.Ct. 159, 80 L.Ed. 138; 42 Am.Jur. 426, section 96. In our case of Railroad Commission v. Ala. Gr. So. R. R., supra, the

statute did not require a finding to support action by the commission, but directed action when the necessities of the case in the judgment of the commission demanded it. All the commission had to do, it was said, was to inform itself as to the necessities, which was presumed to have been done from making the order. It has been settled by our cases that all legal intendments are with such orders, and will be upheld unless their invalidity is shown. Hawkins v. Vines, 249 Ala. 165, 30 So.2d 451.

Section 301(11), supra, provides that "if, after public hearing of the application, it appears from the application and the evidence in support thereof or from any hearing held thereon that the applicant is fit," etc., the permit should issue.

By section 82, Title 48, Code 1940, the court on appeal shall hear the case on the certified record, and "shall set aside the order if the court finds that" the commission misapplied the law or finds that the order was based upon a finding of facts contrary to the substantial weight of the evidence.

As said in United States v. Carolina Freight Carriers Corp., supra, if there is no finding of facts by the commission, it cannot be reviewed by the standard prescribed by the statute.

■ So that a sufficient finding of facts is necessarily required to justify a review on appeal as to whether it is contrary to the substantial weight of the evidence, with the meaning we have ascribed to those words. See, Alabama Power Co. v. Fort Payne, 237 Ala. 459, 187 So. 632, 123 A.L.R. 1337; Railroad Commission v. Louisville & Nashville R. R., 197 Ala. 161, 72 So. 397.

It was the duty of the commission to deny the petition if either of two conditions was not met by the evidence before it. (1) That applicant was fit, willing and able, etc., or (2) that the proposed operation will be consistent with the public interest. Section 301(11), Title 48, Pocket Part, Code 1940.

If the commission finds against the applicant on either of those inquiries from the evidence, it is made their duty to deny the petition. The commission expressed the opinion upon a consideration of all the evidence, and found that there were sufficient carriers qualified with it to transport the petroleum products as outlined in the application, "and that the issuance of another permit would not be consistent with the public interest and that said application should be denied".

■ We think that is such a finding of facts as to show the basis on which the order by the commission was made so as to determine whether the commission erred in its application of the law, or whether its order was contrary to the substantial weight of the evidence, meaning whether it is supported by legal evidence of substantial weight and probative force. We think the finding of the commission in this respect complied with its statutory duty in regard to such finding. We are then remitted to the question of whether there was a misapplication of the law, or its finding was not properly supported by the evidence.

■ The phrase "consistent with the public interest" is therefore the controlling factor in our inquiry. This involves a quasi legislative as well as quasi judicial function by the commission, a body of experts, whose business calls for such decisions in its ordinary course. Alabama Public Service Comm. v. Crow, 247 Ala. 120, 22 So.2d 721; North Alabama Motor Express v. Rookis, supra.

Attention is called to the difference in the finding necessary for contract carriers, that is, "consistent with the public interest," and for common carriers, that there must be a "certificate of public convenience and necessity". Section 301(8), Title 48, supra.

A contract carrier can give preferential service, and is not limited to schedules or routes: a common carrier is thus bound. The service here proposed to be rendered by appellee is based on a rate nearly twice as much as that fixed for common carriers. The United States Government is the proposed customer at that rate. There is only one common carrier, the intervener in this proceeding, J. Owen Robins, who has such a certificate of convenience and necessity,

and who at present may be in position to carry such products in bulk between the designated termini, when consistent with his obligations as a common carrier. He has not done so in the past nor solicited such business. This carrier cannot extend the preferential service nor other advantages of a contract carrier.

 There is no evidence to show that the performance of the service by Robins will satisfy the needs of the proposed customer of appellee, Nunis. Robins has not been carrying such products for this customer. Nunis had done so as a feature of interstate shipments, and has an interstate permit. But the customer's business here involved is on an intrastate status, requiring a permit now applied for. The granting of such permit will not disrupt existing business, nor will it result in unfair or destructive practices. It will in substance enable this appellee to extend an existing service to that which has a different technical status. The fact that the proposed business of appellee does not extend rights to the general public does not prove that its operation is inconsistent with the public interest. It is not a question of whether the public needs this service, as when a common carrier seeks a permit, but whether such service would be detrimental to the public interest. It is said to be a form of private transportation. It may be noted that the public has the benefit of such service by Robins, the common carrier. But no use by the public has been made of it. It does not appear that this proposed service will tend to prevent Robins from being able to render adequate service of that sort, or any sort, to the public, or in any manner disrupt his business.

The commission seemed to base its conclusion that the issuance of the permit to the limited extent here sought, would not be consistent with the public interest upon a further finding that there are sufficient existing carriers qualified with the commission to transport the petroleum products in bulk, as outlined in this application.

We think the commission failed to distinguish between the phrase "consistent with the public interest" and "public convenience and necessity". There was no other contract carrier thus licensed, or seeking a permit in respect to the business here involved. We think this proposed service would be consistent with the public interest, unless it would probably depreciate materially the ability of the lone common carrier who may be equipped so to engage in serving the public, and who alone is protesting this application. It is not here a question of making a finding upon conflicting evidence, but of applying the undisputed facts to the legal principles which are controlling. A finding of facts is a different concept from the judicial function of applying the law to those facts. When the commission determined that the facts as found showed that the proposed permit would not be consistent with the public interest it was applying the law to the facts, and not making a finding of facts.

We do not think that the facts as found in connection with the evidence in the case, or considered independently of the finding, are sufficient to justify the quasi judicial conclusion that the permit would not be consistent with the public interest.

The foregoing argument and legal effect of this factual status is supported by authorities. In No. M. C. 89341, Gibson Contract Carrier Application, 17 M.C.C. 727.

The judgment of the circuit court is affirmed.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.