49 So.2d 170

**ALABAMA PUBLIC SERVICE COMMISSION v. AVERY FREIGHT LINES, Inc.**

1 Div. 388.

Supreme Court of Alabama.

Oct. 12, 1950.

Rehearing Denied Dec. 14, 1950.

A. A. Carmichael, Atty. Gen., and Mac-Donald Gallion, Asst. Atty. Gen., for Public Service Commission.

Ormond Somerville and D. H. Markstein, Jr., of Birmingham, for interveners.

Wm. S. Pritchard, of Birmingham, Richard T. Rives, of Montgomery, and Winston B. McCall and Pritchard & McCall, of Birmingham, for appellee.

674

BROWN, Justice.

The appeal in this case is by the Alabama Public Service Commission from decrees of the Circuit Court of Mobile County, sitting as a court of appeals and review. The first of said decrees was rendered in Case No. 27,481-B, Circuit Court, in Equity, a consolidated case embracing APSC Docket No. 10897 Order of January 7, 1948, and APSC Docket No. 10811 Order of January 26, 1948. The appeal to the circuit court was by the Avery Freight Lines, Inc. The circuit court vacated the orders of the Public Service Commission and remanded the case "with instructions that a rehearing be granted by the Commission on the appellant's (Avery Freight Lines, Inc.) application for approval of transfer of Certificate of Public Convenience and Necessity No. 432 standing in the name of Avery Freight Lines, Inc.

The other decree was entered by the circuit court in case No. 29,149-B, an appeal of Avery Freight Lines, Inc., from an order of the Alabama Public Service Commission dated November 1, 1948, denying to it a Certificate of Public Convenience and Necessity under the provisions of § 8, Act of 1939, p. 1069, now § 301(8), Title 48, Code of 1940, referred to as the "grandfather clause", authorizing operation to the extent provided in the decree of the Circuit Court of Mobile County dated September 30, 1941.

The case was submitted here on an abridged record which contains what is characterized or designated as "original bill" in Case No. 27,481-B with verifica-

tion; the order of the court in respect to supersedeas of the order of the Public Service Commission entered in said case; the supersedeas bond; assignments of error; petition for intervention by Alabama Highway Express, Inc., Baggett Transportation Co. Inc., Jack Cole Co. Inc., Eaton Truck Lines, Inc., Hooper Transfer Co., E. A. Murray, doing business as Murray Motor Transport; the decrees of the circuit court entered August 8, 1949, and petition for appeal in Case No. 29,149-B; assignments of error in said case by the interveners; memorandum opinion of Judge Bates; citation of appeal; certification of appeal, and the assignments of error filed in the circuit court.

■ The entire record of the proceedings before the Public Service Commission was omitted from the transcript filed here, including the testimony and exhibits.

The appellant's contention is that the omission of these matters was covered by a stipulation entered into between the parties and approved by the writer for the court before the submission of the case. The appellee on the other hand contends that the agreement or stipulation did not cover the omission of the record of the proceedings and testimony transcribed on the hearing before the Public Service Commission. The agreement or stipulation referred to is clearly illustrated in the correspondence between the Clerk of this Court and the Register of the Circuit Court. On October 25, 1949, the Register sent the following letter to the Clerk of the Supreme Court: "I am sending you by express, a package containing documents in the case of Avery Freight Lines against Alabama Public Service Commission. This case was appealed by the State and it was agreed between the parties and approved by the Supreme Court that these papers be sent up separately and not copied in the transcript * * *"

On September 21, 1949, the Clerk of this Court wrote to the Register: "I am in receipt of your letter with reference to the 12 packages composed of freight bills, delivery receipts and bills of lading which you state are impossible to attach to the transcript and impracticable, if not impos-

sible to type them satisfactorily and in reply thereto, I beg to advise that Mr. McDonald Gallion saw Mr. Justice Brown and it is my impression that Judge Brown suggested that the attorneys enter into a stipulation with reference to the same which I assume they have done and will send on to you their agreement."

On September 17, 1949, the Register addressed the following letter to this Court:

"Supreme Court Of Alabama·

"Montgomery, Alabama

"Your Honors:

"I have a case between, Alabama Public Service Commission and Avery Freight Lines, Inc., which was appealed to this court from the ruling of the Alabama Public Service Commission and is now appealed to the Supreme Court from the ruling of this Court. Among the papers in this case are twelve packages composed of Freight Bills, Delivery Receipts and Bills of Lading. It is impossible to attach the originals to the transcript and impracticble, if not impossible to type them satisfactorily. I doubt if photostatic copies would be satisfactory. In view of the above I respectfully request that I be allowed to send the originals separately."

What appears to be the original of said stipulation is copied on an unnumbered page following the index of the record:

"The following is hereby stipulated to the Honorable Cecil Bates, Judge of the Circuit Court of Mobile County, in Equity, by and between the plaintiff and defendant and their respective counsel of record in the above litigation:

"That upon the transmittal of the above records on appeal to the Supreme Court of Alabama, the originals of all freight bills, bills of lading, trip tickets, delivery receipts, and all other documents introduced in evidence in the Circuit Court of Mobile County, in Equity, be forwarded for review by the Supreme Court of Alabama without the necessity of copying same into the record proper.

"That all freight bills, bills of lading, trip tickets, delivery receipts, and all other documents introduced in evidence in the Circuit Court of Mobile County, Alabama, in Equi-

ty, not being originals, shall be photostated and forwarded for review by the Supreme Court of Alabama without the necessity of copying same into the record proper."

We are of the opinion that this stipulation did not cover and did not authorize the omission from the transcript filed in this court of the record and proceedings, including the pleadings, the testimony given and transcribed and the Orders of the Public Service Commission. The statute clearly contemplates that the circuit court, acting as a court of appeal or review, must review the proceedings of the Public Service Commission on the transcript of the record on the hearing before the Commission. Such transcript must include the pleadings filed in the case, the orders of the Commission made in respect thereto and the testimony as given before the Commission and on appeal to the circuit court, "the commission's order shall be taken as prima facie just and reasonable." Code of 1940, Title 48, § 82.

Section 83 provides that the President of the Commission or its secretary, "shall certify to the appellate court (the circuit court) under the seal of the commission a complete record or transcript of all the proceedings had before it, including all orders and pleadings together with a transcript of all oral testimony, and the original or a transcript of all documentary evidence taken in the proceeding in which the order appealed from was made. * * *"

Section 90, Title 48, Code of 1940 provides: "Either party may appeal to the supreme court of Alabama from the judgment or decree of the lower court, the appeal to be taken within thirty days from the rendition of said judgment or decree, *under the same rules and regulations as are or may be provided by law for appeals from said court,* except as herein provided." [Italics supplied.]

In Alabama Public Service Commission et al., v. Nunis, 252 Ala. 30, 34, 39 So.2d 409, 412, it was observed: "On appeal to this Court, we must review the judgment of the circuit court without any presumption of its correctness, since that court was in no better position to review the order of the commission than we are. Title 13, sec-

tion 17, par. 1, Code 1940. The evidence was not taken before the trial judge in the circuit court. Green v. Green, 249 Ala. 150, 30 So.2d 905. We are governed by the same rules in our review as was the circuit court. So that we will review the order of the commission as though the appeal from the commission's order had been directly and primarily [taken] to this Court."

There was a non-compliance with the provisions of the statute, Code of 1940, Tit. 7, § 767 providing for transcript, and Rule 28 of Supreme Court Practice, Code 1940, Tit. 7 Appendix, which provides for the abridgement of the record on appeal. The only facts available to us on this appeal appear in the statement of facts embodied in the memorandum opinion and decrees of the circuit court and the "freight bills, bills of lading, trip tickets and other documents introduced in evidence in the circuit court," which are not mentioned in the note of testimony as required by Equity Rule 57. Code of 1940, Tit. 7, Appendix, p. 1095.

The "Order of Submission and Note of Evidence" recites: "This cause was submitted by the parties hereto upon the certified record of proceedings before the Alabama Public Service Commission. Dated August 8th, 1949. James A. Crane, Register."

The circuit court found the following facts: "The Court having heard the cases upon the respective records, certified by the Alabama Public Service Commission and having considered all of the evidence so certified by the Commission, being all of the evidence in the causes and the causes having been argued at length by the respective parties, and the Court, being of the opinion that a wilful failure to comply with a lawful order of the Commission is a jurisdictional fact to be found specially by the Commission as a condition precedent to the revocation by the Commission of an existing Motor Carrier Certificate of public convenience and necessity and that such finding was not made by the Commission in its order here appealed from dated January 7, 1948 (APSC Docket No. 10897) revoking certificate No. 432 standing in the name of Appellant, finds that the Commission erred to the prejudice of Appellant's substantial rights in its application of the law

in said order; the Court further finds that a finding by the Commission in this cause of wilfulness on the part of Appellant, if made, would have been contrary to the substantial weight of the evidence. In the consolidated cause (APSC Docket No. 10811) the Court finds that the Commission erred to the prejudice of Appellant's substantial rights in its application of the law in the order here appealed from, dated January 26, 1948, in that such order, denying the transfer by Appellant of Certificate 432, was predicated solely on the erroneous conclusion that said certificate was no longer in existence. * * *"

Under said facts the court entered the following order:

"1. The order entered by the Alabama Public Service Commission dated January 7, 1948 (APSC Docket No. 10897) revoking Motor Carrier Certificate of Public Convenience and Necessity No. 432, standing in the name of Avery Freight Lines, Inc., be, and the same is hereby set aside, and the case is hereby remanded to the Alabama Public Service Commission, with directions to said Commission to reinstate Certificate No. 432 to Avery Freight Lines, Inc., according to its content, on the books and records of the said Commission.

"2. The order entered by the Alabama Public Service Commission dated January 26, 1948 (APSC Docket No. 10811) be and the same is hereby set aside and the case is hereby remanded to the Commission with instructions that a rehearing be granted by the Commission on Applicant's application for approval of transfer of certificate No. 432."

Without approving the conclusion of law "that a wilful failure to comply with a lawful order of the Commission is a jurisdictional fact to be found specially by the Commission as a condition precedent to the revocation by the Commission of an existing Motor Carrier Certificate of Public Convenience and Necessity", as found by the trial court, which is contrary to the holding of this Court in Alabama Public Service Commission et al. v. Nunis, 252 Ala. 30, 39 So.2d 409, nevertheless the further finding of the court "that a finding by

the Commission in this cause of wilfulness on the part of Appellant, if made, would have been contrary to the substantial weight of the evidence," is sufficient to support the decree entered, and in the absence of the certified transcript of the record of the proceedings of the Commission on which the finding was rested, we are not in a position to find to the contrary and overturn the decree entered by the Circuit Court. Avery Freight Lines v. Persons, 250 Ala. 40, 32 So.2d 886; Avery Freight Lines v. White et al., 245 Ala. 618, 18 So.2d 394, 154 A.L.R. 732.

In the face of the finding of fact by the circuit court in equity case No. 29,-149 that "The facts on the rehearing remain substantially the same as those on the former 1941 hearing before the Commission," and in the absence of a certified record of the transcript on this appeal upon which the court based its conclusions of fact, it results that of necessity the decrees of August 8, 1949 must be affirmed. Authorities last cited supra. Said decrees are therefore affirmed.

Affirmed.

LIVINGSTON, LAWSON and SIMPSON, JJ., concur.