148 So.2d 613

**ALABAMA ELECTRIC COOPERATIVE, INC.**

v.

**ALABAMA POWER COMPANY et al.**

3 Div. 879.

Supreme Court of Alabama.

Jan. 10, 1963.

Edwin C. Page, Jr., Evergreen, Thos. E. McMillan, Brewton, Marion Rushton, Chas. E. Porter, J. M. Williams, Jr., and Rushton, Stakely & Johnston, Montgomery, for appellant.

B. E. Jones, Evergreen, Martin, Vogtle, Balch & Bingham and Alvin W. Vogtle, Jr., Birmingham, for Alabama Power Co.

Robt. H. Jones, and Jos. B. Nix, Jr., Evergreen, and Hugh R. Williams, Montgomery, for City of Evergreen.

MacDonald Gallion, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for Public Service Commission.

**334**

. COLEMAN, Justice.

This is an appeal by a protestant from a decree of the circuit court, in equity, affirming an order of the Alabama Public Service Commission which approved a contract for the sale of electric power by Alabama Power Company, a corporation, to the City of Evergreen. The company is a utility regulated by the commission.

The city filed with the commission an application for approval of the contract. The appellant, Alabama Electric Cooperative, Inc., and also the company, were allowed to intervene in the proceeding before the commission. After an extensive hearing, as is reflected by the 395-page record now before us, the commission, by a vote of two to one, approved the contract. From the order of the commission, appellant appealed to the circuit court, in equity. From the decree of the court affirming the order of the commission, appellant prosecutes this appeal.

Appellant contends that the city had no right under the statute; §§ 17, 18, 19, 20, 325, 326, Title 48, Code 1940; to apply to the commission for approval of the contract made by the city and the company. Appellant says that the application to the commission must be made by the company, citing Holley v. Florala Tel. Co., 223 Ala. 415, 136

So. 726, wherein the utility contended that it was not liable for breach of a contract because the contract had not been approved by the commission as required by § 9764, Code 1923, now § 326, Title 48, Code 1940. § 326, Title 48, recites in pertinent part as follows:

> "Whenever any such contract shall be made it shall, before becoming effective, be submitted to the commission. If the commission shall find the provisions of any such contract consistent with the public interest it shall approve the same. Otherwise, it shall disapprove the same, and unless and until so approved, such contract shall be of no effect; but if it be approved it shall in all respects be lawful. * * *"

In Holley v. Florala, supra, this court held that the utility could not defend on the failure to obtain the approval of the commission because "the duty of seeking such confirmation rested on the" utility. That decision places on the utility the duty of seeking confirmation and holds that the utility cannot profit by its failure to perform its own duty. The decision did not, however, establish a rule of procedure to be followed in seeking such confirmation or hold that the other party to the contract, the municipality, could not make the application to the commission.

The statute does not provide that the application to the commission must be made by the utility or that the application cannot be made by the municipality. In the instant case, application was made by the city, and the utility, the company, intervened. All parties to the contract were parties to the proceeding before the commission. If this proceeding should be invalidated on the ground that the application was made by the city and not by the company, the company could make the application and the city could be made a party. Appellant could again be permitted to intervene. The same parties and the same subject matter would be before the commission and before the circuit court and this court. We fail to

see how any party has been prejudiced or that any necessary party has been omitted.

■ Because of the absence of an explicit statutory provision requiring that the application to the commission be filed by the utility and not by the city, and because no prejudice is shown, we are of opinion that the commission did not err in overruling appellant's motion to dismiss the city's petition on the ground that the application for approval of the contract was made to the commission by the city and not by the company.

Appellant contends further that the decree is in error because the commission's order is not supported by substantial evidence and because the order prejudices appellant's substantial rights. We are of opinion that appellant's contentions are not well taken.

The parties appear to agree that review here is according to § 82, Title 48, Code 1940. Concerning such review this court has said:

■ Section 82 means that the finding of the commission will not be overturned if supported by legal evidence of substantial weight and probative force. North Alabama Motor Express v. Rookis, 244 Ala. 137, 140, 12 So.2d 183; Alabama Public Service Commission v. Nunis, 252 Ala. 30, 39 So.2d 409; Alabama Public Service Commission v. Higginbotham, 256 Ala. 621, 56 So.2d 401.

The order of the commission does not make a finding of fact, but does make an application of the law to the facts in the following language:

"* * * the Commission being of the opinion that the approval of that certain agreement made * * * by * * * Alabama Power Company and the City of Evergreen * * * is consistent with the public interest and the Commission so finding upon this record; * * *

"* * * the agreement * * * is hereby, approved. * * *"

■ As observed in Alabama Public Service Commission v. Higginbotham, supra, since there is no finding of fact, in considering whether the commission erred in applying the law to the facts, we must consider the evidence in the light most favorable to upholding the order of the commission and without weighing the conflicting evidence. We do not weigh the conflicts in the evidence but accept as true those tendencies of the evidence and reasonable inferences to be drawn therefrom which tend to support the action taken by the commission. 256 Ala. at page 627, 56 So.2d at page 406.

The duty of the commission with reference to the instant contract is stated in Title 48, Code 1940, as follows:

"§ 325. Rates and service regulations may be established by contract between a municipality and utility for a specified term, not exceeding thirty years, but only by and with the approval of the commission to be expressed by its order. * * *"

"§ 326. * * * If the commission shall find the provisions of any such contract consistent with the public interest it shall approve the same. Otherwise, it shall disapprove the same, * * *"

On this review, we will not weigh the evidence. Our inquiry is limited to ascertaining whether the tendencies of the legal evidence and reasonable inferences to be drawn therefrom support the conclusion that the contract made by the city and the company is "consistent with the public interest."

"The phrase 'consistent with the public interest' is therefore the controlling factor in our inquiry. This involves a quasi legislative as well as quasi judicial function by the commission, a body of experts, whose business calls for

such decisions in its ordinary course. Alabama Public Service Comm. v. Crow, 247 Ala. 120, 22 So.2d 721; North Alabama Motor Express v. Rookis, supra." Alabama Public Service Commission v. Nunis, supra, at page 35 of 252 Ala., at page 413 of 39 So.2d.

There are tendencies of the evidence which show that, under the proposed contract, the city can purchase electricity from the company for a price fifteen per cent less than the price from appellant, and that the saving to the city will amount to approximately $11,000.00 per year at the annual rate of consumption which prevailed in 1957 and 1958. We do not think it will be questioned that such a saving over the five-year period of the proposed contract will be consistent with the interests of the city and its inhabitants.

■■ There is evidence offered by appellant which tends to rebut the inference that the city will save $11,000.00 per year and also tends to show that the city will save money by buying from appellant, but we will not weigh the evidence. This conflicting evidence presented an issue to be resolved by the commission. There is legal evidence to support the inference that the contract with the company will result in substantial saving to the city and that inference we must indulge because it supports the action of the commission.

Appellant cites cases relating to granting certificates of convenience and necessity to contract and common carriers. In Alabama Public Service Commission v. Nunis, supra, this court pointed out the difference between the phrase, "consistent with the public interest," and the phrase, "public convenience and necessity." There a common carrier was opposing the application for a certificate as a contract carrier. This court indicated that, under the circumstances of that case, granting the certificate to the contract carrier would be consistent with the public interest "unless it would probably depreciate materially the ability of the

lone common carrier who may be equipped so to engage in serving the public, and who alone is protesting this application." 252 Ala. at page 36, 39 So.2d at page 414.

We are not to be understood as holding that the analogy between a common carrier and appellant is perfect. On the contrary, the common carrier is regulated by the commission and subject to its control in many respects. As we understand the case, appellant is not regulated by the commission and is not subject to its control.

Appellant has, however, argued that approval of the contract would damage its business and that the contract is, for that reason, not consistent with the public interest. The company has joined issue on that argument and insists that approval of the contract will not materially, or at all, depreciate the ability of appellant to serve its members. We undertake to decide the case on the issue thus made by the parties.

Appellant is a non-profit electrical cooperative corporation, organized in 1941 under Title 18, §§ 23–59, Code 1940, for the purpose of generating and transmitting electrical energy for sale to its members and consumers at wholesale rates. Appellant sells at wholesale. The membership includes 17 distributing cooperatives, 7 cities, and 2 textile plants. Appellant is "responsible for the electric needs of 39,805 consumers over 9 counties." Appellant owns and operates three hydro-electric plants, two diesel generating plants, and a steam generating plant. Combined production is 25,880 kilowatts. An addition to the steam plant is under construction and will add 22,500 kilowatts to appellant's production.

In 1944, appellant acquired certain properties from Alabama Water Service Company. The city was a customer of the Water Service Company and was thus acquired as a customer by appellant.

From 1928 to 1944, the city received electric power from the predecessors of appellant. Since 1944, the city has received, and

at the time of the hearing was receiving, such power from appellant.

The first contract between the city and appellant was made in 1944, for a period of five years. In 1950 another such contract was made for a three-year period.

In 1953, appellant submitted another contract (we understand at the same rates as the former contract) but the 1953 offer has never been accepted by the city. There have been no complaints from the city. Since 1953, appellant has been supplying electricity to the city without a contract. We understand that the rates are the same as in the former contract.

We understand that appellant had no contract with the city at the time the contract in suit was made by the city and the company in 1958.

There is evidence to show that of the 39,805 customers indirectly supplied by appellant, 1300 or about 4% are in the city and that the city uses about 4% of the power sold by appellant. There is also evidence that appellant's load is increasing at the rate of 5,000 kilowatts a year and that the loss of the sale of 2,500 kilowatts now used by the city would be made up in six months if appellant's load continues to increase at the present rate. There is testimony that facilities of appellant of the value of $115,000.00 would be idled by the loss of the city's business, but there is also testimony that the loss would be less because of salvage value of the idled facilities.

The question of the effect of approval of the contract on appellant's ability to serve its customers is peculiarly one for decision by the commission, "a body of experts, whose business calls for such decisions in its ordinary course." Nunis case, supra.

We are of opinion that there was before the commission legal evidence of substantial weight and probative force to support a finding that approval of the contract probably would not depreciate materially the ability of appellant to serve its members. It follows, therefore, that error by the commission in approving the contract has not been shown and that the decree appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.