223 So.2d 284

**OSBORNE TRUCK LINES, INC., et al.**

v.

**ALABAMA PUBLIC SERVICE COM-
MISSION et al.**

**3 Div. 226.**

Supreme Court of Alabama.

April 10, 1969.

Rehearing Denied June 12, 1969.

J. Douglas Harris, Montgomery, and Bishop & Carlton, Birmingham, for appellants.

Wright & Long, Montgomery, for appellees.

PER CURIAM.

This is an appeal from a final decree of the Circuit Court of Montgomery County, Alabama, in Equity, wherein the trial court reviewed proceedings before the Alabama Public Service Commission that were filed by E. E. Carroll, d/b/a Carroll Trucking Company, to obtain a permit authorizing him to serve as a contract carrier by motor vehicle on the highways of Alabama, leading out of Montgomery, for the transportation intrastate of fabricated iron and steel products, prestressed concrete products and clay products, including, but not limited to, clay brick and clay tile, from Montgomery and Coosada, Alabama, on the one hand, to all points and places in the State of Alabama, on the other hand. The decree affirmed this commission.

The Commission ordered the application set down for a public hearing and gave due notice of such hearing in the manner and for the time required by law. A group of motor vehicle common carriers, seven or more in number, authorized by the Commission to do business in Alabama, responded to the notice, appeared and duly protested the issuance of the permit to the said Carroll. Oral testmiony was taken before an Examiner. The record is not clear which members of the Commission were present at the hearing.

Considerable testimony oral and documentary, was taken. This evidence had lawful relevance to the issues presented by the pleading. The Commission, by majority vote (Poole and Pepper) issued a permit to applicant for contract operations within the State of Alabama. The protestants (appellants here) filed proper proceedings in the Circuit Court of Montgomery County, in Equity, where issues were made and joined, and there obtained a review of the proceedings before the Commission and of the permit issued. See

Title 48, Sec. 301(27) and Sec. 79, et seq., Code of Alabama, Recompiled in 1958.

Pursuant to the mandates of Title 48, Sec. 82, Code 1940, Recompiled in 1958, no additional evidence was introduced in the Circuit Court, but such appeal was heard upon the certified record of proceedings before the Commission.

The trial court, in equity, ordered, adjudged and decreed:

"1. That the Alabama Public Service Commission in its order * * * did not err to the prejudice of the substantial rights of the complainants-appellants in its application of the law;

"2. That the order of the Alabama Public Service Commission * * * was based upon findings of fact supported by the substantial weight of the evidence;

"3. That the order of the Alabama Public Service Commission * * * be, and the same is in all respects affirmed."

This Court will review the decree of the Circuit Court, affirming the action of the Commission, without any presumption of correctness, since the Circuit Court was in no better position to review than this Court, and this Court is governed by the same rules in its review of the Circuit Court. Alabama Public Service Commission v. Perkins, 275 Ala. 1, 151 So.2d 627 (2); State v. Southern Bell Telephone and Telegraph Company, 274 Ala. 288, 148 So. 2d 229(4).

A duty rests on this Court to examine the order of the Alabama Public Service Commission and to exercise its independent judgment on both the facts and the law involved. Alabama Public Service Commission v. Southern Ry. Co., 269 Ala. 63, 111 So.2d 214(1).

The proceedings on appeal to the Circuit Court, in Equity, are controlled by Sec. 82, Title 48, Code 1940, Recompiled in 1958. This section provides that the Commission's order shall be taken as prima facie just and reasonable. The Circuit Court shall set aside the order if it finds that "the commission erred to the prejudice of appellant's substantial rights in its application of the law; * * * or was based upon a finding of facts contrary to the substantial weight of the evidence."

The question here is limited to: (1) Did the Commission err in its application of the law to the substantial prejudice of appellants? (2) Is the finding of the Commission supported by legal evidence of substantial weight and probative force?

We will review the order of the Commission as though the appeal from the Commission's order had been directly and primarily to this Court. The standards fixed by the legislature are: (1) that the applicant is fit, willing and able to properly perform the service of a contract carrier by motor vehicle and to conform to the provisions of Article 3, Title 48, Code 1940, Recompiled in 1958, and the lawful requirements, rules and regulations of the Commission thereunder; and (2) that the proposed operation to the extent authorized by the permit will be consistent with the public interest; otherwise, such application shall be denied. Title 48, Sec. 301(11), Code 1940, Recompiled in 1958; Alabama Public Service Commission v. Nunis, 252 Ala. 30, 39 So.2d 409(2, 3).

The petition filed by appellee for a permit had attached thereto copies of executed agreements between applicant, on the one hand, and Southern Prestressed Concrete Company, a Florida Corporation; Jenkins Brick Company, a Corporation; and Hartley Boiler Works, Inc., a Corporation. Under the terms of the agreements these contracting shippers are free to tender to the applicant a substantial portion of their products produced at their respective plants in or near Montgomery, Alabama, for transportation in intrastate commerce to various points in the State of Alabama. Applicant also adduced testimony concerning his financial status, the

available equipment, and his experience in the trucking business generally.

Applicant tendered witnesses identified with the contracting shippers, who testified that they had had considerable experience with applicant under leasing arrangements and that applicant is qualified to engage in the proposed operations. They requested that he be permitted to serve them. They delineated their need for specialized equipment and trained personnel in transporting their products. They further testified that they did not intend to discontinue altogether their patronage of the protesting carriers, but in order to meet competition they badly needed the prompt transportational services of applicant who would provide the specialized equipment and trained personnel.

Protestants (appellants) are common carriers authorized by the Commission to operate between certain points in Alabama. Generally, they contended that they had been offering common carrier services to the contracting shippers, attended with some specialized equipment needed or required by the shippers. They asserted their willingness and ability to meet the transportation requirements of the shippers. They contended that they wanted and needed the business of these shippers; that they generally employed competent personnel and maintained adequate equipment to handle the business of these shippers with adequate and prompt dispatch.

We have examined the evidence adduced before the Commission and conclude therefrom that the protesting common carriers, seven or more in number, presented ample and convincing evidence that they had adequate and sufficient equipment, including needed specialized facilities, to perform with efficiency and due dispatch the carrier services which the applicant Carroll proposed to render.

While it is true that one or more of the customers to be served by Carroll as a contract carrier might be aided and helped in meeting competition, and possibly, because of their volume of business, they could obtain a competitive advantage, but such competitive help or advantage does not justify the imposition of disadvantages that the common carriers would suffer in the loss of lucrative business by the shifting carrier service from such common carriers to the contract carrier.

We make no pretense of overruling the pronouncements of this Court in Alabama Public Service Commission et al. v. Nunis, supra. That case is bottomed on a factual situation wherein only one common carrier, J. Owen Robins, operating in Alabama under a certificate of convenience and necessity issued by the Alabama Public Service Commission, intervened to protest, and contended that he was able to transport the products there involved. He had not done so in the past, nor had he solicited such business or traffic. He could not extend preferential service nor other advantages of a contract carrier. There was no evidence to show that the performance of the service by Robins would satisfy the needs of the proposed customer of Nunis, the applicant for the contract carrier permit. Robins had not been carrying such products for this customer. Nunis had done so as a feature of interstate shipments, and had an interstate permit.

We further observed in the *Nunis* case, supra that "the customer's business here involved is on an intrastate status, requiring a permit here applied for. The granting of such permit will not disrupt existing business, nor will it result in unfair or destructive practices. * * * It may be noted that the public has the benefit of such service by Robins, the common carrier. But no use by the public has been made of it. It does not appear that this proposed service will tend to prevent Robins from being able to render adequate service of that sort, or any sort, to the public, or in any manner disrupt his business."

We do not think it would be consistent with public interest for the Commission, with judicial sanction of this Court on

review, to authorize contract carriers to lure off lucrative customers, for whom common carriers have been rendering reasonable and efficient service, and gradually erode or impede the common carrier's ability to perform adequate and quality service to other customers. There should be a stopping point that lends competitive and financial protection to common carriers in their efforts to serve the public in a manner that comports with the implied mandates of their certificates of convenience and necessity.

We conclude from the evidence that the proposed service of the contract carrier, Mr. Carroll, would not be consistent with the public interest because this service would tend to downgrade the ability of the several protesting and other common carriers to perform the service that is relevant to their certificates. The facts anent the ability of the protesting common carriers to perform the service with a reasonable degree of efficiency and promptness in our judgment is undisputed in the evidence; their availability within reasonable time and promptness is also adequately shown in the evidence.

We might further comment that any erosion or impairment of the financial ability of the common carriers to perform by taking away from them lucrative business and giving it to a contract carrier, particularly to enable the customer to meet competition, or possibly to gain some advantage, is not consistent with public interest. Such public interest as related to the business world is dependent on an adequate and efficient motorized common carrier system which should not be potentially weakened or impaired by the issuance of contract carrier permits that have a tendency to decrease the volume and remuneration of such carriers that is needed to sustain efficient common carrier service. We will not undertake to establish any factual guidelines for guidance of the Commission controlling the issuance of contract permits, but suffice it to say, that when it appears that there is an existing plurality of common carriers who are willing, ready and able to provide with reasonable efficiency and promptness the service proposed by the applicant for a contract permit, the permit should not be granted, to the end that the financial status and physical assets of the common carriers may be protected against erosion and depletion. Want of such protection is inconsistent with public interest. The Commission here erred in its application of the law, and in overriding ample evidence that sustained the objections of the protesting carriers.

The decree of the Circuit Court is reversed and the cause remanded.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.