**KING RESOURCES COMPANY**

v.

**BOARD OF ENVIRONMENTAL PROTECTION et al.**

Supreme Judicial Court of Maine.

March 13, 1978.

Preti & Flaherty by John Paul Erler (orally), Peter H. Rysman, Portland, for plaintiff.

John M. R. Paterson (orally), Deputy Atty. Gen., Augusta, for defendants.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

POMEROY, Justice.

King Resources Company (King) is the owner and operator of an oil terminal facility located on Long Island in Casco Bay. Having torn down an old dilapidated pier which had existed on the facility since World War II, King, in 1970, sought a permit from the United States Army Corps of Engineers to construct a new steel and concrete pier. As a prerequisite to the permit King was obliged to obtain certification from the Maine Board of Environmental Protection (BEP, formerly the Environmental Improvement Commission) that "there is reasonable assurance . . . that such activity will be conducted in a manner which will not violate applicable water quality standards." 33 U.S.C. § 1171(b)(1) (1970) (current version at 33 U.S.C. § 1341 (1972)) (Federal Water Quality Control Act, hereinafter FWQCA).

The BEP held a public hearing on May 22, 1970 at which it considered:

1. King's request, made under protest, for a permit under the Site Location of Development Law, 38 M.R.S.A. §§ 481, *et seq.*;

2. King's request for a waste discharge license under 38 M.R.S.A. § 413 (amended, P.L.1971, c. 461, § 3; P.L. 1973, c. 139, c. 450, §§ 7–10, c. 788, §§ 208, 204; P.L.1975, c. 770, § 209; P.L.1977, c. 271, § 4, c. 300, § 16, c. 373, § 32); and

3. The question whether the FWQCA certification should issue.

The BEP denied the requests for the site location permit and the FWQCA certification. Subsequently, this Court held the Site Location Law inapplicable to King. *King Resources Co. v. Environmental Improvement Commission*, Me., 270 A.2d 863 (1970).

King also timely appealed the denial of the certification to the Superior Court, pursuant to 38 M.R.S.A. § 415 (amended, P.L.

1971, c. 304, c. 461, § 5, c. 618, § 12; repealed, P.L.1977, c. 300, § 20). As permitted by the then current version of § 415, the Superior Court Justice presiding over the appeal ordered that some additional evidence be heard on the matter.

After the appeal had been heard by the Court and after briefs had been submitted, the BEP moved to dismiss King's complaint on the ground that King lacked standing both to appeal and to apply to the Board for certification. The BEP also claimed that King's lack of standing deprived the Superior Court of subject matter jurisdiction. The justice below, however, found both that King had standing and that the BEP's denial of certification was not supported by substantial evidence. The matter was ordered remanded to the BEP for further proceedings.

King subsequently filed a motion to amend the judgment, pursuant to M.R. Civ.P. 59(e), requesting that the remand be limited to the already existing record. That motion was denied. The BEP then appealed from the original judgment and King cross-appealed from that judgment. The BEP later decided, however, to abandon its appeal. Since King was still desirous of pursuing its cross-appeal, the parties stipulated that King be treated as the moving party for purposes of this appeal.

King's basic contention is that, given both the amount of time already expended in this matter and the allegedly uncontradicted testimony in its favor, the lower court should have granted certification on its own and should not have remanded the case. Alternatively, if remand is in order, King argues that the BEP be forced to reconsider its decision based only on the pre-existing record. The BEP continues to maintain that King lacks standing.

Although we have decided King has standing in this case, we affirm the judgment of the Court below remanding the case for further proceedings.

In asserting that King has no standing, the BEP relies primarily on *Walsh v. City of Brewer*, Me., 315 A.2d 200 (1974). In that case, the plaintiff attempted to secure permission from the City of Brewer to operate a mobile home park. On appeal, this Court held that the essence of the ordinances with which plaintiff had to deal was the regulation of the *use* of land. Since plaintiff there lacked any "*title, right, or interest*" in the land on which the mobile park was to be operated, he lacked standing to apply for permission to operate the park. The lack of standing was cognizable, although raised for the first time on appeal, because, in the peculiar circumstances of this case,[1] the facts giving rise to this lack of standing concomitantly gave rise to a lack of subject matter jurisdiction.

In the instant case, the BEP argues that King has no "title, right, or interest" in the State-owned submerged lands · over which King proposes to build its pier. Since the certification that King seeks is ultimately a form of permission to use land, *Walsh* has direct application the BEP says. With no interest established in the submerged lands, King cannot complain about the BEP's denial of certification, since King is not actually affected by the denial, the argument goes. Moreover, the BEP contends, since interest in the lands is a pre-condition to seeking certification, lack of standing goes to the question of subject matter jurisdiction and must be reached by this Court.

■ The error inherent in the BEP's argument stems from its attempt to characterize the certification process as a land use regulation. While King will ultimately use the submerged lands when it begins con-

---

1. While the plaintiff in *Walsh* called his complaint "a Complaint for Declaratory Judgment", he sought a remedy which was in practical effect the equivalent of a comprehensive mandatory injunction. It appeared to the Court, therefore, that the plaintiff was attempting to invoke equity jurisdiction since he did not have an adequate remedy at law. The inadequacy of plaintiff's property interests not only deprived plaintiff of standing, but deprived the Court of equity subject matter jurisdiction as well. On these unique facts, the Court took cognizance of plaintiff's lack of standing, despite defendant's failure to raise this issue prior to appeal.

struction of the pier, the proposed *"use"* is not the issue before the Court. The issue originally before the Board was merely whether King was entitled to one of the permits it must eventually receive before it can begin construction on the pier. King's application to the Board was a statutorily required prerequisite to its application for a permit from the Army Corps of Engineers. Clearly King's standing to request certification stems from its prior attempt to get that permit. Since King had standing to apply to the BEP, *a fortiori* it was "aggrieved" within the contemplation of former 38 M.R.S.A. § 415 and had standing to appeal an adverse decision by the Board. It is unnecessary to decide at this point whether King is actually entitled to build over State-owned submerged lands.

We also agree with the court below that the denial of certification by the BEP was not supported by substantial evidence and that the proper disposition is a remand for further proceedings. We note initially that the BEP concedes that its denial was unsupported by the evidence. The following discussion, therefore, focuses solely on the proper disposition of this case.

■ The scope of our review in this case is similar to that exercised by the Superior Court below, since the record before the Superior Court is the same as that before us.[2] *See White Way Pure Milk Company v. Alabama State Milk Control Board*, 265 Ala. 660, 662, 93 So.2d 509, 511 (1957); *see also Alabama Public Service Commission v. Nunis*, 252 Ala. 30, 34, 39 So.2d 409, 412 (1949); *cf. Brengelmann v. Land Resources of New England and Canada, Inc.*, Me., 380 A.2d 213, n. 1 (1977) (appellate court in equally good position as trial court to determine facts from documents appearing before both courts); *Mathews v. R. T. Allen & Sons, Inc.*, Me., 266 A.2d 240, 244 (1970) (reason for clearly erroneous rule disappears when fact finder below makes his decision from the printed record). The

findings supporting the lower court's decision to remand for further proceedings, therefore, are not binding upon this court. Our agreement with those findings is predicated on our own independent review.

In *Dubois v. Maine Employment Security Commission*, 150 Me. 494, 114 A.2d 359 (1955), this Court expressed its reluctance "to lend encouragement to any form of procedure which might tend to produce piecemeal judicial review and an unnecessary duplication of costly and time-consuming litigation." 150 Me. at 504, 114 A.2d at 364. In view of the lack of dispute over the facts in that case, we there refused the Employment Security Commission's request for a remand and applied the law to the facts ourselves. Claiming, in essence, that the facts in the instant case are undisputed, since largely uncontradicted, and that a remand would impose an undue burden, King contends that *Dubois* required the lower court to enter judgment in King's favor.

In *Gardner v. Smith*, 368 F.2d 77 (5th Cir. 1966), another case relied on by King, the Fifth Circuit Court of Appeals, while noting that the general rule in administrative actions required remand for further proceedings, refused to subject a disabled applicant for social security benefits to lengthy delays by ordering a remand. Given the "fully-developed" record and the "little or no likelihood that additional evidence would be presented at a new hearing", *id.* at 86, the court made the final disposition itself. Both *Gardner* and *Dubois* are distinguishable from the case at hand, however.

■ While remand, unfortunately, may subject King to delays and more litigation, the other requirements for final disposition by the reviewing court—namely, undisputed facts or a fully developed record and little likelihood of additional evidence being presented—are not present. A thorough reading of the record indicates, as the justice below pointed out, that the focus of the

2. While the Superior Court did conduct a further hearing in the case, its subject matter was limited to the issue whether King was deprived of its property without compensation. That issue seems to have been abandoned before the Superior Court entered its judgment and did not form any part of the basis for such judgment. We need not decide what would have been our scope of review had the hearing resembled a trial de novo.

hearing before the BEP was on the economic or ecological desirability of the oil terminal facility under the Site Selection Law, later ruled inapplicable to King in *King Resources Co. v. Environmental Improvement Commission, supra.* Having determined erroneously that the Site Selection Law was applicable, the BEP apparently gave no consideration to the fact that King had a right to operate its existing facility when determining whether to grant certification. Moreover, no analysis of the merits of the certification request appear in the record.

While King did present evidence on the issue of reasonable assurance that applicable water quality standards would not be violated, the evidence was not absolutely undisputed. There was evidence by at least one of King's opponents that oil mixes with water and that King's safety devices could not sufficiently contain the oil to prevent the adverse effects of a spill.

We are not satisfied, therefore, that the facts are so clear or the record so fully developed that the merits of the case can be disposed of without remand. The impreciseness of the record, while no fault of King's, also requires that the case not be limited on remand to the prior record. There was no error in the lower court's denial of the motion to amend on that ground.

The entry must be:

Appeal denied.

Judgment affirmed.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.

DELAHANTY, J., sat at oral argument, but participated no further.

WERNICK, ARCHIBALD and GODFREY, JJ., and DUFRESNE, A. R. J., concurring.