(94 South. 472)

## ALABAMA PUBLIC SERVICE COMMISSION v. WESTERN UNION TELEGRAPH CO.   (3 Div. 572.)

(Supreme Court of Alabama.   Oct. 12, 1922.)

1. **Public service commissions** ⟜21 — **Valid orders enforceable in courts.**

The valid orders of a public service commission will be enforced in the courts, but orders not authorized by law are unenforceable.

2. **Public service commissions** ⟜21—**Reasonableness is test of validity of orders of Public Service Commission.**

The final test of the validity or invalidity of an order of the Public Service Commission is whether, when all the relevant and material circumstances as duly presented are considered, the order is reasonable or unreasonable.

3. **Telegraphs and telephones** ⟜26½—**Telegraph company cannot be compelled to obey unreasonable order.**

In mandamus by the state Public Service Commission to compel a telegraph company to obey an order directing a continuation of telegraphic service to certain points, that the telegraph company did not apply to the Public Service Commission for vacation of the order or for injunctive relief therefrom within a given time *held* not to subject it to obedience to the order where such order is unreasonable and unjust, and therefore not enforceable.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Petition by the Alabama Public Service Commission for mandamus to the Western Union Telegraph Company requiring obedience to an order of the petitioner directing the continuation of telegraphic service to cer-

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 18 Ala. App. 495.

tain towns in the state of Alabama. From a judgment denying the writ, petitioner appeals. Affirmed.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for appellant.

For brief, see State of Alabama v. W. U. T. Co., ante, p. 228, 94 South. 466.

Francis R. Stark, of New York, and Rushton & Crenshaw, of Montgomery, for appellee.

For brief, see State of Alabama v. W. U. T. Co., ante, p. 228, 94 South. 466.

THOMAS, J. The judgment of the circuit court is affirmed on authority of State of Alabama v. Western Union Telegraph Co., ante, p. 228, 94 South. 466.

[1, 2] The valid orders of a public service commission will be enforced in the courts, and orders not authorized by law are unenforceable. Miss. R. Com. v. M. & O., 244 U. S. 388, 37 Sup. Ct. 602, 61 L. Ed. 1216; Interstate Comm. Com. v. L. & N., 227 U. S. 88, 33 Sup. Ct. 185, 57 L. Ed. 431, 433; Interstate Comm. Com. v. Nor. Pac., 222 U. S. 541, 32 Sup. Ct. 108, 56 L. Ed. 308; Miss. R. Com. v. I. C., 203 U. S. 335, 27 Sup. Ct. 90, 51 L. Ed. 209. The final test of validity or invalidity of the order is whether, when all the circumstances that are relevant and material to same as duly presented are considered, the order is reasonable or unreasonable. R. R. Com. v. Ala. North., 182 Ala. 357, 364, 62 South. 749; R. R. Com. of Ala. v. A. G. S., 185 Ala. 354, 64 South. 13, L. R. A. 1915D, 98; Miss. R. Com. v. M. & O., 244 U. S. 388, 37 Sup. Ct. 602, 61 L. Ed. 1216.

In the finding of the state court, when the conclusion of law and finding of facts are intermingled so as to make it necessary in order to pass upon the question, the Supreme Court of the United States will analyze the facts. Jones Nat. Bank v. Yates, 240 U. S. 541, 552, 553, 36 Sup. Ct. 429, 60 L. Ed. 788; Nor. Pac. v. North Dakota, 236 U. S. 585, 593, 35 Sup. Ct. 429, 59 L. Ed. 735, L. R. A. 1917F, 1148, Ann. Cas. 1916A, 1; Traux v. Corrigan, 257 U. S. 312, 42 Sup. Ct. 124, 66 L. Ed. 254.

[3] The fact that the Western Union Telegraph Company did not apply to the Alabama Public Service Commission for vacation of the order or for injunctive relief therefrom, within a given time from the rendition of the order of April 30, 1920, did not subject it to obedience to an order that is unreasonable and unjust under the circumstances and under the guaranties of organic law. The order may not be enforced.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.