58 So.2d 887

**ALABAMA PUBLIC SERVICE COMMIS-
SION et al. v. DECATUR TRANS-
FER & STORAGE, Inc.**

**8 Div. 560.**

Supreme Court of Alabama.

May 15, 1952.

A. A. Carmichael, Atty. Gen., Thos. F. Parker, Asst. Atty. Gen., and J. Douglas Harris, Montgomery, for appellant Public Service Commission.

Maurice F. Bishop, Birmingham, for intervener.

Norman W. Harris, Decatur, and D. H. Markstein, Jr., Birmingham, for appellee.

LIVINGSTON, Chief Justice.

Under the provisions of the Alabama Motor Carriers Act of 1939, as amended, 1940 Code of Alabama, Pocket Part, Title 48, § 301(1) et seq., Decatur Transfer & Storage, Inc., a corporation, filed an application with the Alabama Public Service Commission seeking a permit to operate as a contract carrier of petroleum products in tank trailers from Sheffield, Decatur and Guntersville, as points of origin, to the fol-lowing cities and towns as destination points: Sheffield, Decatur, Guntersville, Scottsboro, Jasper, Haleyville, Winfield, Athens, Cullman, Huntsville, Gadsden, Fort Payne, Anniston, Talladega, Russellville, Florence, Tuscumbia, Alexander City, Leeds and Lineville. All, of course, in the state of Alabama.

After proper notice and hearing the application was denied by the Alabama Public Service Commission. Applicant appealed to the Circuit Court, in Equity, of Morgan County (the county of its residence) under the provisions of Title 48, § 301(27) (Pocket Part), and Title 48, § 79, of the Code of 1940. The Circuit Court, in Equity, of Morgan County set aside the order of the Commission, and remanded the cause to the Commission with directions to issue the permit as applied for by applicant. Pursuant to Title 48, § 90, and § 301(27) (Pocket Part), the Commission and intervenor J. Owen Robins, doing business as Robins Transfer Company perfected an appeal to this court.

On the hearing before the Commission on evidence taken before an Examiner the Commission made an order containing the following finding:

"The Commission is of the opinion and finds that existing service in the territory covered in this application is adequate to meet the reasonable public needs and that protestants have sought the traffic covered in this application and for the reasons set out above that said application should be denied because the granting of said application would not be consistent with public interest."

The law controlling the decision of the instant case was clearly stated in the recent case of Alabama Public Service Commission v. Nunis, 252 Ala. 30, 39 So.2d 409. The mere repetition of the principles there stated is, in our opinion, uncalled for here. In the Nunis case, this court affirmed a decision of the Circuit Court, in Equity, of Jefferson County, setting aside an order of the Alabama Public Service Commission, denying the application of Nunis for a permit to transport petroleum products in

348

bulk, as a contract carrier, over irregular routes from certain points in Alabama to certain other points therein.

It will be noted that J. Owen Robins, doing business as the Robins Transfer Company, protestant and intervenor in the instant case, assumed the same role or position in the Nunis case. If the Nunis case is not here controlling it must be because of factual differences between the two cases. It is argued by appellants on that basis.

On appeal to this court, we must review the judgment of the Circuit Court without any presumption of its correctness, since that court was in no better position to review the order of the Commission than we are. Green v. Green, 249 Ala. 150, 30 So.2d 905; Nunis case, supra. And we are governed by the same rules in our review as was the Circuit Court. The standards by which we are governed are, (1) that applicant is fit, willing and able to properly perform the service of a contract carrier by motor vehicle and to conform to the provisions of the statute and the lawful requirements, rules and regulations of the Commission thereunder: and (2) that the proposed operation to the extent authorized by the permit will be consistent with the public interest. Otherwise, the application should be denied.

Here, as in the Nunis case, the Commission made no finding as to the matter first stated above, but did find that there were sufficient existing carriers qualified with the Commission to perform the service, and that the issuance of another permit would not be consistent with the public interest.

The applicant, appellee, relied upon contracts which it had secured from the Texas Company, Gulf Refining Company, and the Pan American Petroleum Corporation. These contracts, were being performed, in territory outside appellee's presently existing permit, by the Decatur Transit Truck Lines, Inc., a common carrier, with equipment leased to it by appellee. The testimony disclosed that practically all of the stock of the Decatur Transit Truck Lines, Inc., and the appellee was owned by one Williams and his wife. But as we understand it, the order of the Commission was not based on that fact.

From our examination of the record, we think the only fair inference to be drawn is, that intervenor Robins is the only available source of transportation by motor vehicle of petroleum products in the territory here involved. His office is in Birmingham and his operation is that of a common carrier and not a contract carrier. We are not unmindful that the record shows that there are at least five other contract carriers with permits covering all or a part of the territory here involved. None of them protested or intervened in this case, and for aught appearing these contract carriers are not adversely affected.

Here, as in the Nunis case [252 Ala. 30, 39 So.2d 413], we think the Commission failed to distinguish between the phrase "consistent with the public interest" and "public convenience and necessity".

We do not think that the facts found in connection with the evidence in the case, or considered independently of the finding, are sufficient to justify the quasi judicial conclusion that the permit here sought would not be consistent with the public interest.

The contention is made that the appeal was not properly taken in that there was no application for reconsideration or rehearing of the order granting the certificate, as may be made under subdivision 9 of § 301(5), Title 48 Code of 1940, (Pocket Part). The contention is without merit, aside from any consideration of the question as to whether the point is properly presented here. The case of Alabama Public Service Commission v. Alabama Power Co., 213 Ala. 374, 104 So. 814, holds in effect that if the appeal is duly filed it may be taken from either the original action or order of the Commission or from its action or order on reconsideration or rehearing. Alabama Public Service Commission v. Higginbotham, 256 Ala. 621, 56 So.2d 401.

Affirmed.

BROWN, FOSTER and STAKELY, JJ., concur.