91 So.2d 489

**RAILWAY EXPRESS AGENCY, Inc.,**

v.

**ALABAMA PUBLIC SERVICE COMMIS-
SION and Capital Motor Lines.**

3 Div. 714.

Supreme Court of Alabama.

Dec. 21, 1956.

Knabe & Nachman, Montgomery, for appellant.

John Patterson, Atty. Gen., and Hill, Hill, Stovall & Carter, Montgomery, for appellees.

**LIVINGSTON, Chief Justice.**

On March 24, 1953, Capital Motor Lines, a motor carrier of passengers, sought authority from the Alabama Public Service Commission to transport, in vehicles other than passenger-carrying vehicles, express packages. In its original application, Capital Motor Lines sought an order amending Motor Carrier Certificate of Public Convenience and Necessity No. 3 (its passenger certificate) by adding thereto authority to transport express packages in equipment other than passenger-carrying equipment. The application was subsequently amended so as to request that the authority issued carry with it all the restrictions, provisions, and limitations contained in Capital's Local Express Tariff No. 6. As an alternative prayer, applicant requested that the Commission issue a separate certificate authorizing the transportation of express in equipment other than passenger-carrying equipment on all routes authorized under said Certificate No. 3, subject to the above-mentioned restrictions.

The application was opposed by various regular-route truck lines and by the Railway Express Agency.

The application was heard by the Commission on the 9th day of June, 1953, after due notice to all interested parties. On March 9, 1954, the Commission ordered that a separate certificate (Motor Carrier Certificate of Public Convenience and Necessity No. 2440) be issued to Capital Motor Lines granting the authority sought under the alternative prayer of the application.

The Railway Express Agency appealed to the Circuit Court of Montgomery County, in Equity, which upheld the order of the Commission. From the ruling of the Circuit Court, the Railway Express Agency appeals.

Appellant contends that the Public Service Commission is totally without statutory authority to authorize a passenger carrier to transport express packages in vehicles separate from passenger-carrying vehicles in connection with its passenger bus service and over the same routes.

■ The Public Service Commission is of statutory creation and its authority and powers are prescribed by the statutes and must be sought in the statutes alone. Alabama Great Southern Ry. Co. v. Alabama Public Service Commission, 210 Ala. 151, 97 So. 226; Alabama Public Service Commission et al. v. Louisville & N. Ry. Co., 206 Ala. 326, 89 So. 524.

Title 48, § 301(9), Code of Alabama 1940, 1953 Cum. Pocket Part, authorizes the Commission to grant the certificate requested by the appellee upon proper showing. This section provides:

"A. Subject to the provisions of section 301(12) of this title, and to the provisions of paragraph B of this section, a certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found, after public hearing of the application, that the applicant is fit, willing, and able to properly perform the service proposed and to conform with the provisions of this article and requirements, rules and regulations of the commission thereunder, and that the proposed service, to the extent to be authorized by the certificate is or will be required by the present or future public convenience and necessity; otherwise such application shall be denied; provided, however, that no such certificate shall be issued to any common carrier of passengers by motor vehicle for operations over other than a regular route or routes, and between fixed termini, except as such carriers may be authorized to engage in special or charter operations. B. Before granting a certificate to a common car-

rier by motor vehicle the commission shall, among other things, consider the following: (1) Whether existing transportation service of all kinds is adequate to meet the reasonable public needs. (2) Financial ability of the applicant to furnish adequate, continuous and uninterrupted service the year around. (3) The advantages to the public of the proposed service. C. No certificate issued under this section shall confer any proprietary or property rights in the use of the public highways."

Appellant, however, contends that the authority granted to the Commission under Sec. 301(9), supra, is expressly limited by Sec. 301(10), subd. D, Title 48, Code 1940, 1953 Cum. Pocket Part, which provides:

"D. A certificate for the transportation of passengers may include authority to transport in the same vehicle with the passengers, newspapers, baggage of passengers, express or mail, or to transport baggage of passengers in a separate vehicle."

In support of his contention that Sec. 301 (10), subd. D, expressly limits the rights that a passenger carrier can acquire under a certificate of convenience and necessity, and that this section prohibits the Commission from granting a subsequent certificate predicated upon evidence of convenience and necessity, authorizing the transportation of express in equipment other than passenger-carrying equipment, appellant cites the following cases construing the Federal Motor Carrier Act of 1935, 49 U.S. C.A. § 301 et seq., which was the model for the statute in controversy, North Alabama Motor Express, Inc., v. Rookis, 244 Ala. 137, 12 So.2d 183: Capital Motor Lines Common Carrier Application, 1 M.C.C. 462; Louisiana Motor Coaches, 18 M.C.C. 417; Kirk Common Carrier Application, 24 M.C.C. 431, Chicago, Milwaukee, St. Paul & Pacific Ry. Co., Extension of Operations, 41 M.C.C. 689; Lee Speirs Application, 47 M.C.C. 499; Arrowhead

Freight Lines v. United States, D.C., 114 F.Supp. 804; F.C.C. v. RCA, 346 U.S. 86, 73 S.Ct. 998, 97 L.Ed. 1470; Texas & Pacific Ry. Co. v. Gulf, Colorado & Santa Fe Ry. Co., 270 U.S. 266, 46 S.Ct. 263, 70 L.Ed. 578.

Capital Motor Lines Common Carrier Application, supra, merely provides that under the provisions of Sec. 208(d) of the Motor Carrier Act of 1935, 49 U.S.C.A. § 308(d), a certificate for the transportation of passengers may include authority to transport mail in the same vehicle with the passengers. Louisiana Motor Coaches, supra, provides that under the Federal statute to authorize the transportation of express, mail and newspapers in the same vehicle with passengers, on application for a passenger-carrier certificate, applicants must show a public need for such transportation independently of the proof of public convenience and necessity for the transportation of passengers and their baggage. We are unable to see how this opinion demonstrates conclusively, as claimed by appellant, that the Commission had never considered that it had authority to authorize, by a separate certificate, passenger carriers to carry express in vehicles other than passenger-carrying vehicles.

In Kirk Common Carrier Application, supra, the applicant sought a certificate of public convenience and necessity, authorizing operation, in interstate commerce, as a common carrier by motor vehicle of passengers and their baggage, and of express, mail and newspapers in the same vehicle with passengers. The applicant introduced evidence showing that if the certificate were granted he intended to purchase a four-wheel trailer to be used in carrying express and newspapers. The Commission, in granting the certificate, stated in regard to applicant's proposed use of a trailer:

"Section 308(d) of the act provides that a certificate for the transportation of passengers may include authority to transport, in the same vehicle with passengers, newspapers, baggage of pas-

sengers, express, or mail, or to transport baggage of passengers in a separate vehicle. We cannot, therefore, *on the instant application*, and under the provisions of this section, authorize applicant to transport any property, other than baggage, in any attached trailer. *To do so would be equivalent to authorizing a property-carrier operation on an application only for authority* to transport passengers." (Italics supplied.)

The clear implication of this statement is that on proper application, alleging public convenience and necessity, the issuance of a commodity certificate would be favorably considered.

In Chicago Ry. Co., supra, applicant sought a certificate authorizing operation as a common carrier of passengers and their baggage, and of express, mail and newspapers in the same vehicle with passengers. In determining whether a public need existed for the services sought by the application, the Commission stated:

"Applicants at present hold a certificate for the transportation of general commodities, with certain exceptions, over the routes involved. We, therefore, do not construe the application as including a claim for such authority. In the past, the right to transport express in connection with passenger motor carrier operations has been granted where the shipments to be transported would be limited to a weight, bulk, and volume which could be transported without disturbing the comfort and convenience of passengers or interfering with safety, speed, and other essential qualities of passenger operations, as distinguished from the more comprehensive service generally provided on behalf of the Railway Express Agency, Inc."

This opinion merely shows that the term "express" as used in the Motor Carrier Act of 1935 encompasses different types of commodities which the various certificates entitle the applicants to transport. We do not interpret this opinion as inferring that passenger carriers are precluded from transporting express in vehicles other than passenger-carrying vehicles, because the type of commodities which they may transport is determined with regard to the safety and convenience of passengers.

In Lee Speirs Application, supra, applicant sought a certificate of public convenience and necessity authorizing operation as a common carrier by motor vehicle. Applicant had a certificate granted under 49 U.S.C.A. § 308(d), and under that certificate had transported express in vehicles separate from passenger-carrying vehicles. Protestants argued that the applicant's misconduct should prohibit him from receiving the present certificate. The Commission, in granting the certificate, said in regard to the passenger-carrier certificate:

"The terms of the certificate are plain. It authorizes primarily an operation in the transportation of passengers and their baggage, and, as an incident thereof and in connection therewith, the transportation of express 'in the same vehicle with passengers.' Obviously any operation in the transportation of property by a vehicle on which no passengers are transported is beyond the scope of applicant's certificate. See Kirk Common Carrier Application, 24 M.C.C. 431. It follows, therefore, that applicant's transportation of express in a vehicle without passengers if unlawful and should be immediately discontinued, and not resumed *until appropriate authority therefor has been obtained*." (Italics supplied.)

This opinion certainly does not support appellant's contention, but to the contrary, clearly establishes the Interstate Commerce Commission's view that Sec. 308(d) does not limit the authority of the Commission to grant a commodity certificate to a passenger carrier on proper pleading and proof of public convenience and necessity.

374

We find no support for appellant's contention in Arrowhead Freight Lines v. United States, supra; F.C.C. v. RCA, supra; or Texas Pacific Ry. Co. v. Gulf, Colorado & Santa Fe Ry. Co., supra.

■ Title 48, § 301(10), subd. D, Code of Alabama 1940, enumerates the rights that a passenger-carrier certificate may confer on an applicant. This section does not deprive the Public Service Commission of authority to grant a certificate of convenience and necessity separate from its passenger-carrier certificate to a passenger carrier authorizing it to transport express in vehicles other than passenger-carrying vehicles upon a proper showing by the applicant. Thus, the Commission had authority under Title 48, § 301(8) and (9), Code of 1940, to issue such a certificate in this case.

■ The order of the Public Service Commission on appeal to this court is taken as prima facie just and reasonable, and the finding of the Commission will not be overturned if supported by legal evidence of substantial weight and probative force. Section 82, Title 48, Code 1940; North Alabama Motor Express, Inc. v. Rookis, supra; Alabama Public Service Commission v. Crow, 247 Ala. 120, 22 So.2d 721; Alabama Public Service Commission v. Nunis, 252 Ala. 30, 39 So.2d 409; Alabama Public Service Commission v. Higginbotham, 256 Ala. 621, 56 So.2d 401.

Applicant presented a representative of a leading florist who testified that approximately 97½ per cent of the cut flowers shipped by his company are shipped by bus express. This witness explained at length why bus express is essential to his business. This witness finds that no other type of service lends itself to the movement of this product as does bus express service. He has experienced delays due to crowded conditions on Capital's line and advocates the supplementing of applicant's service as proposed. Two large shippers of automobile parts testified that bus express service is peculiarly fitted to serve their needs, and they, too, have experienced delays due to crowded conditions. They testified that the proposed service would serve a convenience and necessity. A clothing manufacturer of Luverne, Alabama, testified that there is a public convenience and necessity to be served by the proposed service. A representative of one of the largest wholesale drug houses in the south testified that the proposed service would be of substantial benefit to his business and that it would serve a public convenience and necessity. All of these witnesses use Capital's express service regularly and testified that they would not take any of their business which has been handled by the protestants away from the protestants if the service sought by the application were allowed. A company witness for Capital testified that the growth in popularity and volume of its bus express service, without solicitation on its part, has caused a condition on applicant's line under which it cannot promptly transport all shipments offered to it and shipments are being held over from one schedule to another, and even from one day to another due to lack of space on scheduled equipment. This witness further testified that these delays are causing inconvenience to shippers and receivers and are defeating the very purpose for which bus express service was established, and that if there is a continuing decrease in the number of bus passengers, some busses that are now operating will be removed which will create a greater necessity for the proposed service. On the other hand, protestants testified that they are in a position to handle and are handling this type traffic, and that to grant applicant the authority sought would take from them some traffic which they cannot reasonably afford to lose.

■ "Necessity" as used in the statute, Sec. 301(9), Title 48, Code 1940, 1953 Cum. Pocket Part, does not mean essential or absolutely indispensable, but merely that the certificate is reasonably necessary for the public good. Alabama Public Service Commission v. Higginbotham, supra; Alabama Public Service Commission v. Crow,

supra. The finding of the Commission in the instant case was supported by legal evidence of substantial weight and probative force. In Alabama Public Service Commission v. Western Union Telegraph Co., 208 Ala. 243, 94 So. 472, it was stated:

> "The final test of validity or invalidity of the order is whether, when all the circumstances that are relevant and material to same as duly presented are considered, the order is reasonable or unreasonable. Railroad Comm. v. Alabama North., 182 Ala. 357, 364, 62 So. 749; Railroad Comm. of Ala. v. Alabama Great Southern R. Co., 185 Ala. 354, 64 So. 13, L.R.A.1915D, 98: Mississippi R. Comm. v. Mobile & O., 244 U.S. 388, 37 S.Ct. 602, 61 L.Ed. 1216."

The Public Service Commission in its report stated:

> "The findings herein are not to be construed as expressing the opinion that the highway passenger carriers generally are entitled to supplement their bus express service with truck service. Our findings are based entirely upon the evidence before us."

This in no way violates the requirement of impartial and evenhanded administration of the Motor Carrier Act or the constitutional guaranty of equal protection of the laws. The propriety of granting a certificate of convenience and necessity, due to the nature of the authority granted to the Commission, must be determined according to the facts and circumstances in each case. See Alabama Public Service Commission v. Mobile Gas Co., 213 Ala. 50, 104 So. 538, 41 A.L.R. 872.

We are of the opinion that there was not an improper grant of authority to Capital Motor Lines to transport express; therefore, the contention of the appellant that an improper grant of authority to transport express to a carrier which competes with another carrier operating in interstate commerce imposes an undue and unlawful burden on interstate commerce in violation of the Federal Constitution, need not be considered.

The decree of the lower court is affirmed.

Affirmed.

SIMPSON, GOODWYN and SPANN, JJ., concur.