151 So.2d 627

**ALABAMA PUBLIC SERVICE
COMMISSION et al.**

v.

**William PERKINS, d/b/a Mobile Homes
Service Co. et al.**

**3 Div. 974.**

Supreme Court of Alabama.

Aug. 30, 1962.

Rehearing Denied Feb. 28, 1963.

Further Rehearing Denied April 11, 1963.

**2**

MacDonald Gallion, Atty. Gen., Jas. T. Hardin, Asst. Atty. Gen., and Wm. F. Black, Montgomery, of counsel for Alabama Public Service Commission.

Chas. Cleveland and Marcus A. Jones, Birmingham, and Jack Crenshaw, Montgomery, for Mobile Home Undersellers.

Wm. A. Oldacre, Hill, Hill, Stovall & Carter, and J. Douglas Harris, Montgomery, for appellees.

SIMPSON, Justice.

This is an appeal by Mobile Home Undersellers, Inc. and Alabama Public Service Commission from a final decree of Montgomery Circuit Court, in equity, setting aside an order of the Commission granting a certificate of convenience and necessity to a motor carrier. We have been

favored with excellent briefs from the able attorneys representing the parties.

The applicant carrier had filed with the Commission its application for authority as a common carrier to transport house trailers from Birmingham and any point within a 65 mile radius of Birmingham to any point within the State. The application was protested by Perkins, doing business as Mobile Homes Service Company, holder of a certificate authorizing operations from, to and between all points and places in the State, and by National Trailer Company of Alabama and Morgan Drive Away, Inc., which latter two hold certificates authorizing statewide service but with restriction against orginating traffic in Birmingham proper, though not including the 65 mile radius. The Commission referred a hearing on the application to its two attorney-examiners. It was heard by only one of the attorney-examiners, who made a report to the Commission making a detailed summary of the evidence and concluding as follows:

"In the opinion of the Examiner, the most revealing testimony in the hearing of this application was that given by Mr. W. G. Poe. This witness resides in the Irondale Trailer Park along with Mr. W. H. Cox, who also works with the same construction company which Mr. Poe is employed. [Sic.] Mr. Poe was an impartial witness who testified that in the latter part of May or early June 1960, he and Mr. Cox had their mobile homes moved from South Carolina to Irondale, Alabama. Mr. Henry Dozier was pointed out and identified by Mr. Poe in the course of the hearing * * *. Mr. Poe stated that the manager of the Eastwood Park in Birmingham gave him a card with the name Mobile Homes Undersellers written across it; that on the second day of June, he talked with Mr. Dozier in order to get somebody to move his trailer; that he had asked Mr. Dozier if Dozier could move his and Mr. Cox's trailers from Charleston to Birmingham; that Dozier had stated that he would move the two units for Mr. Poe. Mr. Poe stated—and here again, the Examiner observes that this testimony is not denied by Mr. Henry Dozier, president of the applicant—that he was in Mr. Dozier's office and Mr. Dozier stated, 'I'm affiliated with Morgan Drive Away' * *. Mr. Poe also testified to his arrangements with Mr. Dozier for the movement of the two mobile homes from South Carolina to the Irondale Trailer Park. According to this witness, Mr. Dozier attempted to get Mr. Poe to sign a check made payable to Morgan Drive Away in the sum of $300 but Mr. Poe also testified that he refused to sign the check * * *. Mr. Poe also testified that the receipt which Mr. Dozier had identified during Mr. Dozier's direct testimony was the same receipt which Dozier had handed to him when payment was made for the transportation of the two mobile homes from South Carolina to Birmingham. Mr. Poe stated that after Mr. Dozier had moved the two mobile homes to Birmingham, Dozier contended that he also had a truck under 'National' * * *. The Examiner is of the opinion that the testimony of Mr. Poe should be given great weight and, giving to that testimony the weight which it should, in the opinion of the Examiner, be accorded, results under the undisputed evidence in the record in a finding that Mr. Dozier, president of the applicant, intentionally misrepresented to Mr. Poe, a member of the shipping public, that he was affiliated with Morgan Drive Away, a certificated carrier. Seldom, if ever, has the Examiner seen such a flagrant violation, and the fact that Mrs. Dozier did not see fit during the remainder of the hearing to answer any of the charges asserted by Mr. Poe convinces the Examiner that the applicant, with Mr. Dozier as its chief officer, is not the type of company which should be

allowed by this Commission to engage in the transportation business in this State. Incidents such as the one involving Mr. Poe tend to destroy the faith of the shipping public in even the legitimate carriers. By his actions, Mr. Dozier, as its president, has stamped the applicant as totally unfit and undeserving of any award of authority from this Commission.

"Aside from the matter of fitness, which the Examiner is convinced has been conclusively decided adversely to the applicant, the applicant did not, in the opinion of the Examiner, produce any legal evidence or relevant facts showing a need for the proposed service. The Examiner is well aware of the fact that the Commission, in determining whether a grant of authority is proper, is not to be hampered by the mechanical rules governing the weight or effect of evidence. Western Railway v. Montgomery County, 228 Ala. 426, 153 So. 622 (1934). However, the Commission is not justified in making an award of authority, particularly when the applicant has the burden of showing public convenience and necessity, unless there is some legally admissible evidence of substantial weight and probative value which will justify the granting of the authority.

"The Commission, in its recent order issued under Docket No. 14747, said, sound economic conditions in the transportation industry require that existing motor carriers should normally have the right to transport all traffic they can handle adequately, efficiently and economically, in the territory they service without added competition of a new operation. Proof of public convenience and necessity requires an affirmative showing that the proposed operations are superior to those presently authorized carriers; or that the proposed operations will serve a useful purpose which cannot or will not be met by existing carriers. Under the requirement of proving public convenience and necessity, there must be an affirmative showing not only that a common carrier service is required, in the convenience of the public proposed to be served, but also that it is a necessity on the part of such public. The maintenance of sound economic conditions in the transportation industry would be jeopardized by allowing a new operator to enter a field of competition with existing carriers who are furnishing reasonable adequate service. The burden of proof is upon the applicant to establish that the public convenience and necessity requires the applicant's service and that the services of existing carriers are inadequate. A certificate should not be granted where there is existing adequate service over the routes applied for, and if adequate unless the existing carrier had been given an opportunity to furnish such additional service as may be required.

"The Examiner has read and re-read the testimony, in the instant case, and carefully considered all of the testimony offered by the applicant and protestants and, after a very careful consideration of the entire matter, finds that the applicant has not carried the burden placed upon him by law of showing that public convenience and necessity require the proposed operation; that there is real and substantial need for the service; or that the presently authorized service is inadequate to meet the reasonable public needs.

## "CONCLUSIONS AND FINDINGS

"Upon consideration of all the facts and evidence of record, the Examiner concludes and finds that the existing transportation service is adequate to meet the reasonable public needs within the territory and to the extent sought by the application, and that there would be no substantial advantages to the public which would justify the certification of another carrier in

addition to the existing authorized carriers.

"In view of the foregoing, the Examiner recommends that an order be issued denying the application."

The applicant filed exceptions to this report, and the matter was taken under consideration by the commissioners, two of whom (associate commissioners) signed an order reciting, "Our findings and conclusions differ from those recommended by the examiner. Upon consideration of the record as made, the commission is of the opinion and finds that the applicant is fit, willing and able to properly perform the service proposed * * * and that the service is and will be required by the present and future convenience." The third member of the commission (the president) did not concur.

The order of the commission was dated January 4, 1961. Thereafter the protestants filed with the Commission a petition for reconsideration for the limited purpose of inserting in the record certain documentary evidence. This petition not having been acted upon by the commission, the protestants on February 3, 1961, perfected an appeal to the Circuit Court from the original order, giving bond and filing a bill of complaint. The commission filed answer to the bill on March 15, 1961. May 18, 1961, the commission filed in the Circuit Court a motion to dismiss the appeal on the ground that it was premature by reason of the fact that the matter was still pending before the commission on appellants' motion to reconsider. On the same date Mobile Home Undersellers filed a like motion with the added averment that the commission had overruled and denied appellants' motion to reconsider. That appellant then filed motion to intervene, which was allowed by the court. Both motions to dismiss were overruled.

We first consider the assignments of error based upon the motions to dismiss. These assignments are without merit. In Alabama Public Service Commission v. Higginbotham, 256 Ala. 621, 56 So.2d 401, we dealt with a contention that the appeal was not properly taken in that there was no application for reconsideration or rehearing of the order granting the certificate, as may be made under subdivision 9 of § 301 (5), Title 48 of the Code. We there held (256 Ala., p. 625, 56 So.2d p. 404):

"The contention is without merit, * * *. The case of Alabama Public Service Commission v. Alabama Power Co., 213 Ala. 374, 104 So. 814, holds in effect that if the appeal is duly filed it may be taken from either the original action or order of the Commission or from its action or order on reconsideration or rehearing."

In Baggett Transportation Co. v. Avery Freight Lines, 256 Ala. 615, 56 So.2d 669, we dealt with an order of the commission striking a petition for rehearing. We there held that while an appeal would lie from a final order of the commission either granting or denying a petition for rehearing, the statute does not provide for an appeal from a ruling striking the petition for rehearing. See also Alabama Public Service Commission v. Decatur Transfer & Storage Co., 257 Ala. 346, 58 So.2d 887.

Since it was within the province of the commission to either grant, overrule or strike the petition of the protestants, it was not encumbent upon protestants to await its action or inaction upon the petition, at the risk of having its appeal dismissed for failure to appeal within 30 days from the original final order granting the certificate.

The general principle is thus stated in 4 C.J.S. Appeal and Error § 106, pp. 295–296:

"Under statutory provisions, a motion for a new trial may be deemed to be denied if the court does not pass on the motion within a fixed time, and the judgment becomes final. The taking of an appeal after the making of a motion for a new trial by a party making such motion has been held to be

an abandonment of the motion, thereby rendering the original judgment appealable, and the fact that a motion for a new trial is filed before the notice of appeal from the judgment and the motion is not disposed of does not prevent the court from entertaining the case on appeal."

Coming now to the merits of the case, we take into account the rules governing both the trial court and this court in the review of actions and orders of the Public Service Commission. Section 82, Title 48 of the Code contains the admonition that on appeal "the commission's order shall be taken as prima facie just and reasonable". This section further provides that the court shall hear the case upon the certified record and shall set aside the order if it finds that the commission erred to the prejudice of appellant's substantial rights in application of the law or the order was based upon a finding of facts contrary to the substantial weight of the evidence. Running through our decisions has been the recognition of the principle that the matter of issuance of a certificate by the commission "calls for conclusions of fact upon evidence heard by a special tribunal set up as a permanent body to deal with the problems involved". North Alabama Motor Express v. Rookis, 244 Ala. 137, 12 So.2d 183. We there also held that on appeal to this court it must review the judgment of the circuit court setting aside an order of the commission without any presumption of correctness, since the circuit court was in no better position than this court, and this court is governed by the same rules in its review as was the circuit court. Alabama Public Service Commission v. Decatur Transfer & Storage, Inc., supra.

In the case before us, as we have shown, there was no hearing of evidence by the commission or its members. The evidence was heard ore tenus by the attorney-examiner duly appointed by it to conduct the hearing. From the evidence itself and the demeanor of the witnesses, he made findings and drew conclusions which he reported in writing to the commission. While it was the privilege of the commission to reach their own conclusions from the record before them, just as it is the privilege of the court to reach conclusions contrary to those of the commission, yet, as we have said in reviewing the judgment of the circuit court, the commission was in no better position than the circuit court or this court. Since the attorney-examiner alone saw and heard the witnesses and observed their demeanor on the stand, it would be illogical and unwarranted on the part of both the circuit court and this court not to indulge some favorable presumption in considering the attorney-examiner's report as a part of the whole record. Especially is this true when the findings and conclusions find support in the evidence. Upon the two essential questions of the fitness of the applicant, acting by and through its principal officer and owner, and the need for the proposed service, after a careful and attentive consideration of the entire record we reach the conclusion that the judgment of the circuit court, setting aside the order of the commission, should be affirmed.

So ordered.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.

On Rehearing

SIMPSON, Justice.

Appellant urges in support of his application for rehearing that we erred in according the report of the attorney-examiner, who heard the testimony ore tenus, more weight than the finding of the Public Service Commission on the report; and that we violated the "substantial evidence rule", § 82, Tit. 48, Code of Ala.1940, as applied in Railway Express Agency v. Alabama Public Service Commission, 265 Ala. 369, 91 So.2d 489; Alabama Public Service Commission v. Higginbotham, 256 Ala. 621,

56 So.2d 401; Alabama Public Service Commission v. Nunis, 252 Ala. 30, 39 So.2d 409; Alabama Public Service Commission v. Crow, 247 Ala. 120, 22 So.2d 721; North Alabama Motor Express v. Rookis, 244 Ala. 137, 12 So.2d 183. Upon a careful consideration of this argument, we have concluded that the rule as applied in those cases has not in any way been transgressed and that the application must be denied.

Appellant will concede that the attorney-examiner is in the better position to determine the truth and veracity of those testifying at the hearing conducted by him. Thus, he must be in the better position to determine the weight to be accorded the testimony taken at such a hearing.

We have not placed the burden of final decision upon the attorney-examiner; this, as it should, rests upon the members of the Commission. But when as here, the members of the Commission did not personally conduct the hearing and had not otherwise observed the demeanor of the witnesses, the evidence being conflicting, the findings of the attorney-examiner on factual issues should be accorded the usual presumptions. This is a basic theory upon which all appellate tribunals and decision-making bodies not observing the witnesses must operate, having only the benefit of the cold record before them.

For the reason hereinabove reiterated and announced the application for rehearing must be denied.

Opinion extended and application for rehearing overruled.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.