This is an appeal from a judgment of the Circuit Court of Montgomery County reversing an order of the Alabama Public Service Commission which issued additional authority to Vann Express, Inc. for the transportation of general commodities with a maximum weight limitation of 60 pounds per package, offering "one-day" service over regular routes and off-route points.
We reverse.
Vann Express applied to the APSC, under the Motor Carrier Act of Alabama (Tit. 48, §§ 301 (1), et seq., Code of Ala.), for additional authority to transport general commodities with a maximum weight limitation of 60 pounds per package, offering "one-day" service, by the following routes:
 "(1) Between Birmingham, Alabama, and Athens, Alabama, on U.S. Highway 31 and Interstate 65 and all intermediate points on U.S. Highway 35 and Interstate 65;
 "(2) Between Cullman, Alabama, and Florence, Alabama, on Alabama Highway 157 and all intermediate points on Alabama Highway 157;
 "(3) Between Florence, Alabama, and Decatur, Alabama, on U.S. Highway 72 and alternate Highway 72 and all intermediate points on U.S. Highway 72 and alternate U.S. Highway 72;
 "(4) Between Decatur, Alabama, and Bridgeport Alabama, on U.S. Highway 72 and alternate U.S. Highway 72 and all intermediate points on U.S. Highway 72 and alternate U.S. Highway 72; *Page 1355 
 "(5) Between Stevenson, Alabama, and Hammondville, Alabama, on Alabama Highway 117 and all intermediate points on Alabama Highway 117;
 "(6) Between Cullman, Alabama, and Attalla, Alabama, on U.S. Highway 278 and all intermediate points on U.S. Highway 278;
 "(7) Between Birmingham, Alabama, and Albertville, Alabama, on Alabama Highway 75 and all intermediate points on Alabama Highway 75;
 "(8) Between Cleveland, Alabama, and Sylacauga, Alabama, on U.S. Highway 231 and all intermediate points on U.S. Highway 231;
 "(9) Between Sylacauga, Alabama, and Talladega, Alabama, on alternate U.S. Highway 231 and all intermediate points on alternate U.S. Highway 231;
 "(10) Between Decatur, Alabama, and the intersection of U.S. Highway 231 on Alabama Highway 67 and all intermediate points on Alabama Highway 67;
 "(11) Between Guntersville, Alabama, and Cullman, Alabama, on Alabama Highway 69 and U.S. Highway 278 and all intermediate points on Alabama Highway 69 and U.S. Highway 278."
Under its existing authority Vann Express further proposed to offer service to the following off-route points:
"(1) Ragland, Alabama;
"(2) Moody, Alabama;
"(3) Odenville, Alabama."
After notice, protests against Vann Express' applications were filed by ten certificated common carriers of freight by motor vehicle.
The APSC held a hearing on Vann Express' application but because a majority of the commission was not present throughout the entire hearing, an examiner's report and recommended order was filed.
The examiner concluded that the evidence reflected Vann Express to be fit, willing, and able to conduct the additional operations recommended in his order. However, he stated that Vann Express had not shown the existing service "is not reasonably adequate" and was of the opinion that Vann Express had failed to meet the burden of proof that the present or future public convenience and necessity required the granting of all the authority sought by its application.
In his report the examiner recommended that Vann Express be granted authority as follows:
 "General commodities over the following territory or routes with a maximum weight limitation of 60 lbs. per package, offering `one-day' service:
 "(1) Between Huntsville and Bridgeport, Alabama, via Highway 72 serving all intermediate points.
 "(2) Between Hammondville and Stevenson, Alabama, via Highway 117 serving all intermediate points.
 "(3) Between Arab and Guntersville, Alabama, via Highway 69 serving all intermediate points.
 "(4) Between Birmingham and Albertville, Alabama via Highway 75 serving all intermediate points.
 "(5) Between Attalla and Snead, Alabama, via Highway 74 serving all intermediate points.
 "With service to Moody, Odenville, Ragland and Ashville as off-route points under existing authority."
He concluded his report by recommending that in all other respects the application should be denied.
In an order dated November 21, 1975, the APSC by unanimous decision adopted the examiner's findings, agreeing with regard to the grant of authority recommended by him, and further finding the evidence of record supported the grant of certain additional authority to that recommended. *Page 1356 
The APSC ordered Vann's certificate amended to authorize the transportation of general commodities with maximum weight limitation of 60 pounds per package, offering "one-day" service over regular routes, as follows:
 "(1) Between Birmingham, Alabama, and Athens, Alabama, on U.S. Highway 31 and Interstate 65 and all intermediate points on U.S. Highway 31 and Interstate 65;
 "(2) Between Decatur, Alabama, and Bridgeport, Alabama, on U.S. Highway 72 and alternate U.S. Highway 72 and all intermediate points on U.S. Highway 72 and alternate U.S. Highway 62 (sic);
 "(3) Between Stevenson, Alabama, and Hammondville, Alabama, on Alabama Highway 117 and all intermediate points on Alabama Highway 117;
 "(4) Between Cullman, Alabama, and Attalla, Alabama, on U.S. Highway 278 and all intermediate points on U.S. Highway 268 (sic);
 "(5) Between Birmingham, Alabama, and Albertville, Alabama, on Alabama Highway 75 and all intermediate points on Alabama Highway 75;
 "(6) Between Decatur, Alabama, and the intersection of U.S. Highway 231 on Alabama 67 and all intermediate points on Alabama Highway 67;
 "(7) Between Guntersville, Alabama, and Cullman, Alabama, on Alabama Highway 69 and U.S. Highway 278 and all intermediate points on Alabama Highway 69 and U.S. Highway 278.
 "With service to Moody, Odenville, Ragland, and Ashville as off-route points."
Several of the protestants (Bee Line Express, Inc., Cummings Trucking Company, Hiller Truck Lines, Inc., Baggett Transportation Company, Inc., and Greyhound Lines — East) appealed the Commission's order to the Circuit Court of Montgomery County. That court determined the matter should be remanded to the Commission for issuance of an order denying the authority sought by Vann. The circuit court found:
 "The Commission in this case has overruled the findings of the examiner by granting authority which the report of the examiner found not to be required by the public convenience and necessity without stating any basis in the record or otherwise for reaching this conclusion. * * *";
and further:
 "* * * that the recommendation of the examiner to grant authority to points in Northeast Alabama was inconsistent with the facts as revealed by the record and the examiner's report of the record and that this authority which the examiner recommended be granted, should also be denied."
Vann Express appeals to this court from the judgment of the circuit court.
Under Tit. 48, § 82, an APSC order may be set aside by the circuit court or by this court only if "* * * the commission erred to the prejudice of appellant's substantial rights in its application of the law; or, the order, decision or award was procured by fraud or was based on a finding of facts contrary to the substantial weight of the evidence. * * *"
We review the judgment of the circuit court without any presumption of its correctness, since that court was in no better position to review the order of the Commission than are we. Alabama Public Service Commission v. Nunis, 252 Ala. 30,39 So.2d 409 (1949); Alabama Public Service Commission v.Consolidated Transport Co., 286 Ala. 323, 239 So.2d 753 (1970);Alabama Public Service Commission v. Chem-Haulers, Inc.,293 Ala. 677, 309 So.2d 453 (1975).
We are governed by the same rules in our review as was the circuit court. We review the order of the Commission as *Page 1357 
though the appeal from the Commission's order had been taken directly to this court. Chem-Haulers, Inc., supra; ConsolidatedTransport Co., supra.
The circuit court in reaching its decision to remand the case to the Commission for the entry of an order denying the application of Vann Express, considered Chem-Haulers, Inc., supra, and Alabama Public Service Commission v. Perkins,275 Ala. 1, 151 So.2d 627 (1963) controlling. We disagree.
These cases are readily distinguishable from this case. In both Chem-Haulers and Perkins, the Commission rejected the findings and conclusions of the examiner who heard the testimony ore tenus. In this case, the Commission specifically stated that "* * * we hereby adopt the findings as set out in the Examiner's Report and same are incorporated as if fully set out herein. * * *." Thus, the requirements of Chem-Haulers andPerkins are clearly inapplicable to the examiner-Commission relationship in this case. Therefore, the sole question here before us is whether the APSC's order is supported by competent, substantial evidence of record.
A determination of this question depends upon whether the certification requirements of Tit. 48, § 301 (9), were met. That section provides:
 "ISSUANCE OF CERTIFICATE. — A. Subject to the provisions of section 301 (12) of this title, and to the provisions of paragraph B of this section, a certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found, after public hearing of the application, that the applicant is fit, willing, and able to properly perform the service proposed and to conform with the provisions of this article and requirements, rules and regulations of the commission thereunder, and that the proposed service, to the extent to be authorized by the certificate is or will be required by the present or future public convenience and necessity; otherwise such application shall be denied; provided, however, that no such certificate shall be issued to any common carrier of passengers by motor vehicle for operations over other than a regular route or routes, and between fixed termini, except as such carriers may be authorized to engage in special or charter operations. B. Before granting a certificate to a common carrier by motor vehicle the commission shall, among other things, consider the following: (1) Whether existing transportation service of all kinds is adequate to meet the reasonable public needs. (2) Financial ability of the applicant to furnish adequate, continuous and uninterrupted service the year around. (3) The advantages to the public of the proposed service. C. No certificate issued under this section shall confer any proprietary or property rights in the use of the public highways."
Evidence in the record supports the grant by the APSC of additional authority to Vann Express. That evidence showed the proposed service is, or will be, required by present or future public convenience and necessity. This court has noted previously that the requirement of a showing of public "necessity" means not that the service must be absolutely indispensable, but instead means merely that the service must be reasonably necessary for the public good. Southern Haulers,Inc. v. Alabama Public Service Commission, 331 So.2d 660
(Ala.S.Ct. 1976). Several witnesses who appeared before the examiner testified to their need for this "same day" or "express" type service proposed by Vann. None of the protestants offer such service.
We also find the record includes sufficient evidence to support the Commission's order with respect to all three additional factors to be considered under § 301 (9) of Tit. 48, Code. Furthermore, the examiner found Vann Express to be "fit, willing, and able to conduct the additional operations." *Page 1358 
On the question of the adequacy of existing service, the evidence clearly shows this "one-day" service was not offered by other common carriers. Finally, from the testimony of witnesses and other evidence in the record, there is no doubt the Commission was authorized to find a need for, and desire to use such "express" type service by the customers in the awarded areas.
At this point, the relationship between the Commission and the examiner should be clarified in reference to examiner's findings and conclusions. As was stated in Southern Haulers,Inc., supra, "* * the ore tenus rule mandates that a presumption of correctness be accorded a hearing examiner's findings of fact when he alone has heard the evidence, the ore tenus rule does not also mandate a presumption of correctness in favor of the examiner's conclusions of law. * * *"
In considering whether the Commission erred in applying the law to facts we must consider the evidence in the light most favorable to upholding the order of the Commission and without weighing the conflicting evidence. Consolidated Transport Co., supra.
Having found that the APSC's order is reasonably supported by the facts of record and those set out in the examiner's report, the judgment of the circuit court is reversed and the cause remanded for the issuance of judgment not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, JONES and ALMON, JJ., concur.