HOUSTON, Justice.
General Services, Inc., d/b/a Bank Security Division, filed an application with the Alabama Public Service Commission (APSC) for the authority to expand its common carrier operations from six counties to statewide. General Services proposed to transport “money, currency, coins,. securities and any other associated money items, from a single consignor to a single consignee,” and to specialize in “same-day, ‘pick-up and deposit services’ between all points in Alabama.”
The application was challenged by two other armored car carriers, Wells Fargo Armored Services Corporation and Brinks, Inc. After a hearing, the administrative law judge found insufficient evidence to support the application and recommended that it be denied.
General Services filed exceptions to the report and recommended order, contending that the record established its fitness and *44 that the proposed service is required by the public convenience and necessity. It argued that expert testimony of Mr. Donald Outland established the existence and growth of an unserved market for “demand responsive” carrier service, i.e., service provided on call to customers at irregular times.
Wells Fargo and Brinks filed replies to General Services’ exceptions. Wells Fargo asserted that there was no evidence of any need for service which could not be provided by General Services under its existing certificate. Brinks argued that General Services is not operating in all six counties it is presently authorized to serve, and that this fact shows there is no need for a grant of additional authority at present.
The APSC found that the administrative law judge accurately summarized the evidence presented, but erred in his finding that the evidence failed to demonstrate an unmet demand for intercity armored car service. The APSC granted the application.
Wells Fargo and Brinks appealed to the circuit court. The court reversed, reasoning as follows:
“It is the opinion of the Court that whether or not there is ‘an unmet need’ for a specific service is a question of fact, not a conclusion of law. Since the findings of fact of the hearing examiner are supported by credible, competent and substantial evidence, the ore tenus rule mandates a presumption of correctness of the hearing examiner’s findings of fact. Furthermore, while the APSC is not required to make express findings to support its order, when the hearing examiner states the evidence and makes detailed findings and conclusions, the APSC cannot rebut the ore tenus presumption merely by making a general conclusionary statement to the contrary. [Alabama Public Service Com’n v. Chem-Haulers, Inc., 293 Ala. 677, 309 So.2d 453 (1975)]....”
We must reverse the judgment of the circuit court. In our view, the Chem-Haulers decision does not provide the controlling principle for this case; instead, we find the holding of Alabama Public Service Commission v. Lane Trucking, Inc., 395 So.2d 14 (Ala.1981), to be more apt. In that case, this Court discussed the relevant principles of law, as follows:
“The scope of our review of Public Service Commission orders has been expressed in numerous decisions. We are required by statute to take that order as prima facie just and reasonable. § 37-1-124 [Code 1975]. That order must be affirmed if it is supported by substantial evidence. Alabama Gas Corporation v. Wallace, 293 Ala. 594, 308 So.2d 674 (1975). A circuit court order based upon a review of the Commission’s order carries no presumption of correctness; we review that court’s order as though the appeal had been directly to this Court, Alabama Public Service Commission v. Chem-Haulers, Inc., 293 Ala. 677, 309 So.2d 453 (1975), and in exercising our review we must be mindful not to substitute our own judgment for that of the administrative authority. Hiller Truck Lines v. Alabama Public Service Commission, 292 Ala. 161, 290 So.2d 649 (1974).
“Initially we consider the effect of the hearing examiner’s order upon the Commission’s later review. Was the Commission bound to accord to its examiner’s report a presumption of correctness? In Chem-Haulers, supra, the hearing examiner had taken evidence ore tenus and reached a conclusion which the Commission, which had made no findings of fact, later overruled. Following Alabama Public Service Commission v. Perkins, 275 Ala. 1, 151 So.2d 677 (1962), we held that because the examiner saw and heard the witnesses ore tenus and observed their demeanor, his report was entitled to ‘some favorable presumption.’ We point out, however, that in Perkins and in Chem-Haulers, the evidence was conflicting on the issues presented.
“In this case, however, we do not perceive any conflict in the evidence which would call the ore tenus rule into play.”
*45 In this case, likewise, we can find no conflict in the evidence. General Services brought forth testimony as to its financial fitness, the City of Birmingham’s satisfaction with its service, the security of its operations, the geographical extent of its operations, the growth of population and bank deposits in the state, and the necessity for armored car services to transport the valuables of small business and the government. None of this evidence was disputed by Wells Fargo or Brinks. Instead, they offered testimony to show the extent of their own operations, how they would be harmed if the application by General Services were to be granted, and their willingness and ability to handle additional business.
Since the evidence is not in dispute, the findings of the administrative law judge are not to be presumed correct. Thus, the relevant presumption to follow is that the order of the APSC is to be taken as prima facie just and reasonable. Our inquiry must focus, therefore, upon whether the APSC order is supported by substantial evidence.
The standard this Court must apply in completing this inquiry is set forth in Code 1975, § 37-3-11, which provides as follows:
“(a) ... [A] certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found, after public hearing of the application, that the applicant is fit, willing and able to properly perform the service proposed and to conform with the provisions of this chapter and requirements, rules and regulations of the commission thereunder, and that the proposed service, to the extent to be authorized by the certificate is or will be required by the present or future public convenience and necessity; otherwise, such application shall be denied....
“(b) Before granting a certificate to a common carrier by motor vehicle, the commission shall, among other things, consider the following:
“(1) Whether existing transportation service of all kinds is adequate to meet the reasonable public needs;
“(2) The financial ability of the applicant to furnish adequate, continuous and uninterrupted service the year around; and
“(3) The advantages to the public of the proposed service.”
Proof of public convenience and necessity requires an affirmative showing that the proposed operations are superior to those of presently authorized carriers; or that the proposed operations will serve a useful purpose which cannot or will not be met by existing carriers. Alabama Public Service Commission v. Perkins, 275 Ala. 1, 151 So.2d 627 (1963). The requirement of a showing of public necessity, however, does not mean that the service has to be absolutely indispensable; rather, it means that the service must be reasonably necessary for the public good. Vann Express, Inc. v. Bee Line Express, Inc., 347 So.2d 1353 (Ala.1977).
The evidence in the record supports the grant by the APSC of additional authority to General Services. The financial fitness of General Services is supported by testimony that the business has continuously operated at a profit, that it had revenue of $900,000 in the calendar year 1983, and that it maintains cargo insurance in the amount of $3,000,000.
The evidence also shows the inadequacy of existing armored car services to meet the public needs. Mr. Donald Outland, a professional city planner, testified that the demand for armored car services will increase in the near future. Mr. Outland testified that his examination of census data and other sources reveals that income in Alabama is increasing faster than population, with population growth distributed primarily in the smaller counties. He testified that the highest growth counties had experienced an increase in crime, which would create a need for the proposed service. He testified that a “demand responsive” armored car service would be helpful to small business and small government *46 offices. He testified that this service is best provided by a common carrier service and that such a service would have no impact on contract carriers such as Wells Fargo or Brinks, because it would serve different needs and different markets. He further testified that the need for a “demand responsive” service has not been met by the existing carriers.
Since there is substantial evidence in the record to support the order of the APSC, the circuit court erred in reversing it. Accordingly, the judgment of the circuit court is reversed and the cause remanded with directions to enter an order affirming the order of the APSC.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, AL-MON and BEATTY, JJ., concur.