STEAGALL, Justice.
This is an appeal from a judgment of the Montgomery County Circuit Court affirming an order of the Alabama Public Service Commission (“APSC”) granting the application of Pony Express Courier Corporation (“Pony Express”) for authority to transport certain general commodities within the State of Alabama. We reverse.
Pony Express filed an application with the APSC to extend its existing services as a common carrier. At the time of the application, Pony Express already had authority from the APSC to transport banking and data processing commodities. In its application to extend its operations, Pony Express sought authority for the transportation of:
“General commodities between all points in Alabama subject to the exclusions and restrictions as follows:
“Exclusions:
“(1) Currency, bullion, and associated money transfers except that commercial papers, documents, written instruments, business records, cash letters, checks and drafts which have been restrictively endorsed or cancelled or are transmitted in the collection process and billing, accounting and audit media and related items moving therewith, regardless of value, are not excluded
“(2) Explosives
“(3) Commodities in bulk
“(4) Household goods
“(5) Commodities requiring special equipment for loading, unloading or transportation thereof
“(6) Automobile, truck and tractor parts and accessories.
“RESTRICTION: Service shall be limited to the transportation of packages or articles not to exceed 50 pounds in weight and weighing in the aggregate no more than 100 pounds from any one consignor at one location to any consignee at any one location on any one day. Fur *834 ther restricted to the transportation in vehicles not to exceed 10,000 pounds rated load capacity.”
Pony Express’s application was protested by Anniston Motor Express, Inc.; North Alabama Express, Inc.; Georgia-Florida-Alabama Transporation; Vann Express, Inc.; and Purolator Courier Corporation.
Hearings were held before an administrative law judge (“AU”) on August 13, 14, 15, 27, and 28, 1984. Approximately 40 witnesses testified at these hearings, including 29 witnesses on behalf of Pony Express. On October 30, 1984, the ALJ filed a “report and recommended order” in which he made findings of fact and a recommendation that Pony Express be granted limited authority to transport specimens, samples, blood, and blood products between all points in Alabama subject to certain exclusions and restrictions.
Pony Express, Vann Express, Inc. (“Vann Express”), and Purolator Courier Corporation (“Purolator”) filed objections to the AU’s report. On March 18, 1985, the matter was submitted via oral arguments to the APSC. On July 2, 1985, the APSC issued its report and order in which it adopted the AU’s findings of fact, but concluded that Pony Express’s application for general commodities authority should be granted. Purolator and Vann Express appealed to the circuit court pursuant to Ala.Code 1975, § 37-3-29. The circuit court affirmed the APSC’s report and order on July 25, 1986. Purolator and Vann Express appealed to this court.
The scope of judicial review is set forth in Ala.Code 1975, § 37-1-124. This section provides that the APSC’s order shall be taken by the circuit court as “prima facie just and reasonable” but that the court shall set aside the order if the court finds that (1) the APSC erred in applying the law to the facts, or (2) the order of the APSC was procured by fraud or based upon a finding of fact contrary to the substantial weight of the evidence.
If, as in this case, the evidence was presented ore tenus to an AU and not the APSC, the presumption of correctness is accorded to the AU’s findings of fact. Southern Haulers, Inc. v. Alabama Public Service Comm’n, 331 So.2d 660 (Ala.1976); Alabama Public Service Comm’n v. Perkins, 275 Ala. 1, 151 So.2d 627 (1962). In the instant case, the APSC adopted the findings of fact set forth in the AU’s report; therefore, the APSC’s findings of fact are accorded a presumption of correctness. See Southern Haulers, Inc., supra. The circuit court’s order carries no presumption of correctness; thus this Court reviews the circuit court’s order as though the appeal had been made directly to this Court. Alabama Public Service Comm’n v. Lane Trucking, Inc., 395 So.2d 14 (Ala.1981). The issue in this case is whether the conclusions of law set forth in the APSC’s order are supported by the AU’s findings of fact.
The APSC’s authority to issue a certificate of public convenience and necessity to operate as a common carrier is provided by Ala.Code 1975, § 37-3-11. This section provides in pertinent part:
“(a) ... [A] certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found, after public hearing of the application, that the applicant is fit, willing and able to properly perform the service proposed ... and that the proposed service, to the extent to be authorized by the certificate is or will be required by the present or future public convenience and necessity....
“(b) Before granting a certificate to a common carrier by motor vehicle, the commission shall, among other things, consider the following:
“(1) whether existing transporation service of all kinds is adequate to meet the reasonable public needs;
“(2) the financial ability of the applicant to furnish adequate, continuous and uninterrupted service the year around; and
“(3) the advantages to the public of the proposed service.”
A summary of the legal principles and policies governing the granting of a certifi *835 cate by the APSC is set forth in Service Express, Inc. v. Baggett Transportation Co., 281 Ala. 666, 669-70, 207 So.2d 418, 421-22 (1968), as follows:
“ ‘The Commission, in its recent order issued under Docket No. 14747, said sound economic conditions in the transportation industry require that existing motor carriers should normally have the right to transport all traffic they can handle adequately, efficiently and economically, in the territory they service without added competition of a new operation. Proof of public convenience and necessity requires an affirmative showing that the proposed operations are superior to those presently authorized carriers; or that the proposed operations will serve a useful purpose which cannot or will not be met by existing carriers. Under the requirement of proving public convenience and necessity, there must be an affirmative showing not only that a common carrier service is required, in the convenience of the public proposed to be served, but also that it is a necessity on the part of such public. The maintenance of sound economic conditions in the transportation industry would be jeopardized by allowing a new operator to enter a field of competition with existing carriers who are furnishing reasonably] adequate service. The burden of proof is upon the applicant to establish that the public convenience and necessity requires [sic] the applicant’s service and that the services of existing carriers are inadequate. A certificate should not be granted where there is existing adequate service over the routes applied for, and if adequate unless the existing carrier [has] been given an opportunity to furnish such additional service as may be required.’ ”
Quoting the examiner’s order in Alabama Public Service Comm’n v. Perkins, 275 Ala. 1 at 4, 151 So.2d 627 at 629-30 (1962).
With the foregoing principles in mind, we must determine whether the facts in this case support the APSC’s order.
The testimony of nine witnesses supports the granting of authority for the transportation of specimens, samples, blood, and blood products. These witnesses testified that they needed later pickups and earlier deliveries than were available from existing carriers, and Pony Express proposes to provide these services.
Nine witnesses also testified that the service provided by existing carriers was reasonably adequate, or if used, would meet their transportation needs. Four witnesses testified that they supported Pony Express’s application because they favored competition and would like to have more choices. Two of these witnesses stated that they wanted another option in the event they should have problems with the existing carriers.
Approximately 16 witnesses expressed some dissatisfaction with the existing carriers. The majority of the complaints related to occasional late deliveries. A few witnesses complained that a small number of requested pickups had not been made, and that Purolator would not make a pickup unless specifically called upon to do so. In answer to these complaints, Purolator submitted records indicating that the complaining businesses had been put on a cash basis and removed from scheduled pickups because of unpaid bills.
Purolator offered the testimony of four witnesses in support of the quality of service it provided. These witnesses stated that Purolator provides “good to excellent service” or “superb service.”
There was no proof offered to show that businesses could not get commodities shipped by the existing carriers. Purolator had authority to serve all of the shippers who testified at the hearings, and was serving 16 of the 29 witnesses who testified for Pony Express. Vann Express had authority to serve all shippers in the northeast quadrant of Alabama, and was serving several of the witnesses who testified for Pony Express. United Parcel Service provided service to substantially all of the witnesses, and a few other carriers were used by some of the witnesses.
*836 The evidence in this case is very similar to that in Service Express, Inc. v. Baggett Transportation Co., supra, wherein this Court held that evidence which tended to show only infrequent delays in shipments and that the additional service would be beneficial on occasion did not support the granting of a certificate of public convenience and necessity.
After reviewing the entire record, we hold that the APSC’s order granting Pony Express general commodities authority is not supported by the substantial weight of the evidence, but that the AU’s recommended order granting Pony Express limited authority to transport specimens, samples, blood, and blood products is supported by the substantial weight of the evidence. Accordingly, the judgment of the circuit court is reversed and the cause is remanded to that court for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
JONES, SHORES, BEATTY and ADAMS, JJ., concur.