STEAGALL, Justice.
The issue in this appeal is whether the trial court erred in reversing an order of the Alabama Public Service Commission (hereinafter “APSC”) that denied the application of Hurtsboro Trucking Company, Inc. (hereinafter “Hurtsboro Trucking”), for authority to institute a new operation as a common carrier over irregular routes.
On May 5, 1988, Hurtsboro Trucking filed an application seeking authority to institute a new operation as a common carrier by motor vehicle over irregular routes. Nine other companies protested the application. Thereafter, the application was amended, and all but two protestants withdrew their opposition. After a hearing, the administrative law judge found that Hurtsboro Trucking had shown that the public convenience and necessity required its services. He then held that because there was evidence that Hurtsboro Trucking had filed a previous application with the APSC and had continued to operate without authority after that application was denied, Hurtsboro Trucking failed to meet the fitness requirement of the dual test of fitness and public necessity in Ala. Code 1975, § 37-3-11(a), and recommended that the application be denied. Adopting the hearing officer’s recommendation, the APSC denied the application. Hurtsboro Trucking appealed that denial to the Circuit Court of Russell County, and that court reversed the APSC’s order. The APSC then appealed to this Court.
While there is no presumption of correctness of a circuit judge’s order in APSC cases, Alabama Public Service Comm’n v. Lane Trucking, Inc., 395 So.2d 14 (Ala.1981), we find that the facts in this case do not support the administrative law judge’s holding. See the guidelines in Purolator Courier Comp. v. Alabama Public Service Comm’n, 514 So.2d 832, 835 (Ala.1987). The fact of a prior violation is not continuing evidence of unfitness in light of Hurtsboro Trucking’s stated willingness to now comply with the rules and regulations of the APSC and in light of the APSC’s authority to monitor Hurtsboro Trucking’s ongoing operations and to revoke its authority in the event of future violations.
Therefore, we hold that it was unreasonable for the APSC to deny Hurtsboro Trucking’s application for common carrier authority, and we affirm the circuit court’s judgment granting that authority.
AFFIRMED.
JONES, ALMON, SHORES, ADAMS and HOUSTON, JJ., concur.
HORNSBY, C.J., and MADDOX and KENNEDY, JJ., dissent.